## DIBBLE v. CASTLE CHIEF GOLD MIN. CO. *et al.*

1. A person who makes a relocation of a mining claim, on the ground that the owner, after a due location, incurred a forfeiture by failure to comply with Rev. St. U. S. Sec. 2324, requiring that "not less than $100 worth of labor shall be performed or improvements made during each year," till the claim is patented, must establish the forfeiture by a preponderance of the evidence.

2. Where it appeared that the owner had operated a claim for several consecutive years; that three men undertook to do the necessary annual work during the year in controversy; and that four disinterested witnesses, three of whom had been mine superintendents, and all engaged in mining from 20 to 40 years, testified that the work done was worth at least $100,—no failure to do the necessary annual work was shown.

3. In an action to quiet title to a mining claim, on the ground that defendant had incurred a forfeiture by failure to do the necessary work, the fact that the trial court, by consent of parties, inspected the claim and the work done, can be given no weight by the supreme court, on appeal. HANEY, J., dissenting.

(Opinion filed April 16, 1897.)

Appeal from circuit court, Pennington county. Hon. Wm. GARDNER, Judge.

Action to quiet title to certain mining claims. From a judgment in favor of plaintiff, and from an order denying them a new trial, defendants appeal. Reversed.

The facts are stated in the opinion.

*Martin & Mason*, for appellants.

The burden is on the relocator to show that the defendant failed to do its assessment work. Johnson v. Young (Colo.) 34 Pac. 173; Quigley v. Gillett (Cal.) 35 Id. 1040; Hammer v. Mining Co., 9 Sup. Ct. 548.

*Schrader & Lewis*, for respondent.

Traveling expenses cannot be charged as development work. Dee Pratt v. James (Cal.) 15 M. R. 341; Hornaker v. Martin, 27 Pac. 397. Nor the sharpening of picks. Hirschler v. McKendricks (Mont.) 40 Pac. 290. See, also, Bishop v. Bailey (Ore.) 41 Id. 937.

CORSON, P. J. This was an action in equity to quiet the title to two mining claims located and known as the "Queen of Night" and "Boomerang," situated in Pennington county, of which the plaintiff alleged he was the owner. The answer of the defendants denied plaintiff's title, and set up title to the same mining ground in the defendant the Castle Chief Gold Mining Company, a corporation under and by virtue of two mining locations, known as the "Basil" and "Fairview", and demand judgment that the title of the corporation be quieted thereto. It is conceded that the Queen of Night claim was a relocation of the Basil claim, and the Boomerang of the Fairview claim. The plaintiff asserted his right to relocate these claims upon the ground that $100 worth of labor had not been performed or improvements made upon either of said claims during the year 1892. The court found in favor of the defendants as to the Basil claim, relocated by the plaintiff as the Queen of Night, and the controversy between these two locations is not involved

on this appeal. The court found for the plaintiff as to the Boomerang claim, relocated upon the Fairview claim; and, from the judgment and order denying a new trial, the defendants appeal.

The court's ninth finding of fact is as follows: "That the Fairview lode claim, referred to in the complaint and answer, was duly located during the year 1880, and up to and prior to the year 1892 was a valid and subsisting lode claim; that during the year 1892 no labor or expenditures were made by the defendants or others thereon exceeding in amount and value the sum of sixty dollars; and that no labor or expenditures were performed or work resumed on said lode claim during the year 1893, prior to the location of the said Boomerang lode claim by plaintiff; and that at the time of the said location of the said Boomerang lode claim by plaintiff, to-wit, on the 6th day of February, 1893, the mining ground included within the boundaries of the said Fairview lode claim was wholly forfeited, and subject to location by plaintiff." The appellants contend that there is not sufficient evidence to justify or support that part of said finding following the words "valid and subsisting load claim." As the court found in the first part of its finding. that the Fairview claim was "duly located during the year 1880 and up to and prior to the year 1892 was a valid and subsisting lode claim," the burden of proof was upon the plaintiff to show defendants' failure to comply with the provisions of Sec. 2324, Rev. St. U. S., which requires that "not less than one hundred dollars worth of labor shall be performed or improvements made during each year" upon the claim until the same shall be patented. Hammer v. Milling Co., 130 U. S. 291, 9 Sup. Ct. 548; Quigley v. Gillett (Cal.) 35 Pac. 1040; Johnson v. Young (Colo. Sup.) 34 Pac. 173. In the first case cited, the supreme court of the United States says: "A forfeiture cannot be established, except upon clear and convincing proof of the failure of the former owner to have work performed or improvements made to the amount required by law." In this

case it appears by the undisputed evidence that the ground claimed by the defendant corporation had been purchased by that corporation in 1887, and for which it had paid in cash upwards of $13,000; that said corporation, about that time erected a quartz mill in the vicinity of these claims, to mill the ores extracted therefrom, at an expense of about $7,000, which was run upon the ores so extracted a large part of the time, until 1889, when same was destroyed by fire. It further appears that after the mill was burned, H. M. Grigg, a large stockholder in the corporation, had the annual work done for each year upon the claim until 1892, when, being about to leave the state, he made arrangements with Mr. Harrington, another large stockholder, to have the work done for that year. In November Mr. Harrington went to the mines (a distance of about 20 miles from his then residence) with two men whom he had employed, taking with him tools, powder, fuse, caps and provisions, and proceeded to do the required annual work upon the two claims. From the undisputed facts it is clear that the defendants had no actual intention of abandoning either of these claims; and, after a careful review of the evidence, we are of the opinion that the plaintiff failed to establish, by a preponderance of the evidence, the forfeiture of the claim by the defendants.

The evidence was insufficient to justify that part of the ninth finding to which the defendants excepted. Upon the question of the value of the annual work done upon the Fairview claim for 1892, there was a direct conflict in the evidence, each party introducing about the same number of witnesses. But the witnesses for the defendants, except Mr. Harrington, were not only disinterested witnesses, but were gentlemen who had had long experience in mining—Stewart R. Thompson who had been engaged in mining about 30 years; Cyrus H. Enos, 34 years; Earnest May, 20 years; and Robert W. Cooper, nearly 40 years; and all but Mr. May had been mining superintendents. A review of the evidence of those several witnesses would serve no useful purpose, it being sufficient to state that

plaintiff's witnesses estimated the value of the work done on the Fairview claim in 1892 much less than $100, while defendants' witnesses estimated the work to be worth at least $100. Mr. Harrington, under whose supervision the work was done, shows quite conclusively that about $200 was expended upon the two claims, pretty equally divided. As we have seen, the burden of showing that the requisite amount of work was not done was upon the plaintiff. Not only has he failed to show that the required amount of work was not done, but the preponderance of the evidence is clearly with the defendants. That part of the ninth finding of the court excepted to is clearly not supported by the evidence, and the court erred in finding that the defendants only expended $60 upon the Fairview claim. The evidence of the plaintiff's witnesses was clearly overcome by the evidence of the witnesses on the part of the defendants.

Respondent seems to attach much importance to the fact that the learned circuit judge, by consent of the parties, examined the mines and the work done, in person. How much influence this had upon the court's decision it is impossible for us to determine, as no method has been devised by which an appellate court can review the facts ascertained upon such personal inspection by the trial court. But such an inspection, except in very special cases, has not been provided for, and cannot be given any weight by this court.

There were a number of other questions raised by the assignments of error discussed, but as they may not rise on another trial we do not deem it necessary to consider them. The judgment of the circuit court and the order denying a new trial are reversed, and a new trial ordered.

HANEY, J., dissenting.