DANIELSON, Appellant, v. GUSTAFSON, (Gustafson, Intervenor), Respondent.

(146 N. W. 562.)

1. Estoppel—Claim of Title—Lost Deed—Estoppel by Conduct—Bona Fide Purchaser.

Plaintiff, who sues for restoration of an alleged lost deed claimed to have been executed to him by defendant, told defendant he had never received a deed, and refused and failed to pay defendant any part of purchase price; he made no claim to the land, or for a deed thereto, for fifteen years, during which time all of defendant's remedies for recovery or purchase price, and for liens on the land thereof, were barred by limitations, defendant having made valuable improvements, increasing the land in value from $2000 to $5000, and exercised all rights of possession and ownership. **Held**, that plaintiff was estopped, by his conduct, from asserting title to the land through the alleged deed, as against a subsequent bona fide purchaser from defendant for full value, claiming under recorded warranty deed.

2. Appeal—Findings—Conflicting Evidence—Conclusiveness.

Findings on conflicting evidence are conclusive on appeal, unless against clear preponderance of evidence.

3. Appeal—Error—Ruling on Ownership of Land—Harmless error—Estoppel.

Where, in a suit to restore an alleged lost deed, trial court ruled that defendant was owner of the land until she conveyed to a third person, but also correctly found that plaintiff was estopped by his conduct from claiming the land, such ruling was, as to plaintiff, harmless error.

(Opinion filed March 21, 1914.)

Appeal from Circuit Court, Lawrence County. Hon. WIL-LIAM G. RICE, Judge.

Action by Ed. H. Danielson against Anna H. Gustafson, for restoration of a lost deed; in which Donald G. Gustafson intervened. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Eben W. Martin,* and *Norman T. Mason,* for Appellant.

It is conceded, and the court finds, that the lost deed from defendant to plaintiff, conveying the premises in controversy, was executed and delivered to the plaintiff in 1895. Plaintiff thereby became the owner of the premises. Possibly he might on an accounting be found to owe the defendant $1900.00, or some balance thereof, on account of the purchase price of the property; possibly his title might be chargeable with a vendor's lien for such balance. This would not divest the plaintiff of his ownership. Rev. Civ. Code, Sec. 924.

The court's conclusion that "the plaintiff agreed with the said defendant to pay the said defendant the sum of $1900 cash therefor before the said deed was recorded by plaintiff," is not a finding that title should not vest despite the delivery of the deed, or that the delivery was conditional..

Payment of the purchase money is not yet due, since it is conceded that the deed has never been recorded; and the finding is that payment should be made at no fixed date, but only before recording the deed.

There is no evidence that defendant ever made any claim to this land prior to the year in which she pretends to have sold it to her nephew.

The taxes were paid by John P. Kluge, who looked after the land for defendant both prior and subsequent to her deed to plaintiff, executed in 1895. They were paid out of the income of the land itself, except in 1894, and the balance only of such income was remitted to defendant.

The court was in error in holding that any vendor's lien in favor of defendant is barred. Farmer's Loan Co. vs. Denver Co., 126 Fed. Rep. 51 (C. C. A. 8th.); Booth v. Hoskins, 17 Pac. Rep. 225 (Cal.); Rodriguez v. Orena, 22 Pac. Rep. 74 (Cal.); 1 Pom. Eq. Jur. Sec. 393 Note (b).

Plaintiff is not estopped to maintain this action. Eickleberg v. Soper, 1 S. D. 567.

The facts upon which plaintiff's estoppel to maintain this action is predicated are set forth in the court's second conclusion of law.

Plaintiff's silence is not sufficient to estop him. 11 Amer. & Eng. Enc. of Law 424; Sutton v. Consolidated Apex Mining Co., 15 S. D. 410; Shearer v. Butterische, (S. D.) 134 N. W. Rep. 63.

The evidence shows no duty on the part of the plaintiff after the receipt by him of the lost deed to inform defendant that he claimed the land therein described.

The only improvements shown consisted of eighty or ninety acres of breaking which was done by Mr. Kluge in exchange for three years use of the land itself. To constitue this an element of estoppel, one must assume that the land in controversary was defendant's; for if it was plaintiff's, the improvements were made and paid for by him. If it were not the plaintiff's, then there would be no occasion for invoking the doctrine of estoppel. Nor does it appear that these improvements would not have been made except for some false statement or wrongful silence on the part of the plaintiff.

Increase in values is no detriment to the defendant, but on contrary a distinct advantage; it constitutes no element or ground of estoppel.

The evidence does not support the finding that the intervenor purchased in good faith.

In order to constitute a bona fide purchase the consideration must have been wholly and actually paid before notice; execution of a note or mortgage is not sufficient, and the purchaser is protected only to the extent of the amount actually paid before notice. 2 Pom. Eq. Jur. Sec. 750, 751, 755; 39 Cyc. 1702-1765; Davis v. Ward, 109 Cal. 186 Pac. 1010.

*R. P. Stewart*, and *J. M. Hodgson*, for Respondents.

To create an estoppel, the conduct of the party may consist of silence, or a negative omission to act, when it was his duty to speak or act. Shelby v. Bowden 94 N. W. 420, 16 S. D. 531; Wampol v. Kountz 85 N. W., 596, 14 S. D. 334; Farr v. Semmler 123 N. W. 838; Murphy v. Dafoe, 99 N. W. 86-88, 18 S. D. 42; Somers v. Somers 131 N. W. 1093, 27 S. D. 500.

The conclusions of law herein do not vest title in the defendant by virtue of any finding under the provisions of Section 54, Code Civ. Proc.

The two conclusions of the court (1) that the appellant agreed to pay the defendant $1900.00 cash as the purchase price of the land and then failed to do so, claiming that he had never received the deed, and (2) that during the fifteen years silence of appellant the remedies or liens of defendant for the recovery of the purchase price were barred by limitation, are two elements which materially aided in creating the equitable estoppel against the appellant.

POLLEY, J.   This is a suit in equity for the restoration of a lost deed to a quarter section of land in Moody county. The plaintiff claimed that the defendant became the owner of the land in controversy in 1891, by virtue of a United States patent; that, defendant being still the owner thereof in 1895, some correspondence took place between the plaintiff, then in Lead, S. D., and the defendant, then in San Francisco, Cal., looking to a purchase of the land by plaintiff from the defendant; that he had prepared and forwarded to her, for her execution, a deed conveying said premises to himself; that such deed expressed a consideration of $1; that same was executed by the defendant and returned to plaintiff, without condition or instruction of any kind; that he had paid defendant for said premises by advancing her certain sums of money, at various times, several years prior to the execution of the deed; that he failed to record the deed so received from defendant, and subsequently the same was lost; that he had demanded of the defendant that she execute a new deed to evidence the conveyance she had already made to him; and that she had refused to comply with such demand.   On the other hand, defendant claimed that, as a result of correspondence between her and the plaintiff relative to the sale of the land, she agreed to sell it to him for $1,900; that he agreed to pay that amount; and that, when she executed and returned the deed, she accompanied it with a letter to the effect that it was to be a cash deal for $1,900, which amount was expressed in the deed, and that he was not to put the deed on record until the $1,900 was paid.   She claimed that she received no reply from the plaintiff, and that he had never paid her the

said sum of $1,900, and that he had never, at any time, paid her any consideration whatever for the land; that, about two years after the execution of said deed, she saw plaintiff and had a conversation with him relative to said land, when the plaintiff told her, among other things, that he had never received the deed. The matter rested in that condition until the 27th of October, 1909, when the defendant, by a warranty deed, which was recorded in the office of the register of deeds in and for Moody county, on the 30th day of October, 1909, sold the premises to the intervener for the agreed consideration of $5,000; $400 of which was paid upon the delivery of the deed to intervener, and $3,500, in the aggregate, had been paid before the trial of this case. She further claimed that, during all of the time since she first filed upon the land, about the year 1889, down to the 27th day of October, 1909, she was, either in person or by her agents and tenants, in the sole, absolute, exclusive, and adverse possession thereof; that she had collected the rents, paid the taxes, and made valuable improvements thereon; and that, during all of said period of time, neither the plaintiff nor any other person ever made or asserted any claim to, or interest in, the said premises of any kind or character whatever. The intervener claimed that he had known of the land since about the time of the issuance of the patent therefor to the defendant; that he had always believed, and believed at the time he made the purchase, that the premises belonged to the defendant, and that, up to the time of the purchase, he never had any knowledge or notice of any kind whatever that the plaintiff claimed to have any interest therein; that he made the purchase in perfect good faith; that the consideration he paid was the reasonable value of the land at that time; and that the transaction was bona fide in every respect.

That the defendant continued in the possession of the land and to exercise absolute dominion over the same, from the time of her first occupancy thereof down to the time she conveyed the same to the intervener, and that plaintiff never was in possession thereof or asserted any interest in, or title to, the same is established beyond any question. The plaintiff, during all of this time, had other land in the immediate vicinity of the land in dispute, and he employed the same individual as his agent

to collect his rent, pay his taxes, and look after his land generally, who was performing the same services for the defendant relative to the land in dispute; yet this party testified that, up until the time the intervener had acquired his interest, he never knew or had heard that the plaintiff claimed any interest in the disputed premises.

The plaintiff and defendant are brother and sister; intervener is a nephew to them both; and all of the witnesses for all three parties, with one exception, are members of the same family. The claims of each of the three parties were fully substantiated by the testimony submitted on his behalf at the trial. The court found generally in favor of the defendant and the intervener, and that all of the equities of the case are in favor of the defendant. Judgment denying the relief prayed for by the plaintiff was entered, and, his motion for a new trial being overruled, he appeals to this court.

That the defendant executed and sent to plaintiff a deed conveying to him the land in controversy is not disputed; neither is there any doubt that the deed was received by plaintiff. This, it is contended by plaintiff, vested in him the absolute title to the premises, and that he has never, in any wise, divested himself of such title, nor committed any act that can estop him from asserting his rights. But defendant testified that plaintiff told her that he had never received said deed, and the court found that he "stated to said defendant that he had never received said deed; that the plaintiff refused and failed to pay the said sum of $1,900 cash or any part thereof, and, at this date, has never paid to defendant any sum whatever for or on account of said land, and has not offered to pay said defendant said sum of $1,900 or any part thereof." And the court further found: "That the plaintiff remained silent as to his said claim for said land and for a deed thereto for a period of 15 years, during which said period of time all of the remedies of the defendant for the recovery of the said purchase price of said land, and liens thereon in favor of the defendant, became and were barred by limitation; that the plaintiff misled the defendant as to the receipt of said deed by the plaintiff, and failed to pay the purchase price of said land, and permitted the defendant to make valuable improvements upon said land, and to exercise

all the rights and duties of ownership with respect thereto, during which time the said land increased in value from $2,000 to $5,000; that, by reason thereof, the plaintiff is estopped in equity to assert his said claim for the execution of a deed for said premises by the defendant. That the said plaintiff, having remained silent as to his said claim for a period of 15 years, and permitted the defendant to exercise all the rights and duties of ownership with respect to said land, is estopped to claim said land, or to require the execution of the deed therefor as against the said intervener, Donald R. Gustafson, whom the court concluded is a purchaser of said premises in good faith, and without notice of the claim of the plaintiff, for a valuable consideration. That the plaintiff herein is estopped by his representations and conduct from receiving any equitable relief herein."

[1] If the findings of fact made by the trial court are correct, the plaintiff should be estopped by his conduct from asserting title to the land in dispute, and it cannot be said that there is not evidence in the record to sustain such finding.

[2] That the evidence is conflicting is a matter that cannot be taken advantage of in this court, unless the findings are against the clear preponderance of the evidence. This the appellant does not contend to be the case. The defendant having voluntarily parted with all her interest in the land, it is not necessary to determine the rights of plaintiff and defendant as they existed prior to the conveyance to the intervener. He having become a purchaser for value and in good faith by warranty deed duly recorded, plaintiff should be estopped from asserting his claim against the intervener. A deed from defendant to plaintiff in lieu of the one that was lost would, if recorded, merely have cast a cloud upon the intervener's title. For the court to have required the execution of such a deed would have been a mere idle act, and the relief prayed for in the complaint was properly denied.

[3] We are of the opinion that when the deed executed by the defendant in 1895 was received by the plaintiff that there was such a delivery thereof as vested the title to the land in plaintiff, and that the conclusion of law made by the trial court that the defendant was the owner of the land from the time the patent was issued in 1891 to the time of the conveyance to

the intervener in 1909 is erroneous; but, inasmuch as the plaintiff has become estopped to assert his title because of his subsequent conduct, the result of this action is in no wise affected by such erroneous conclusion of law.

From this it follows that the judgment and order appealed from must be affirmed.