.SCHMIDT, Respondent, v. NORBECK et al, Appellants.

(189 N. W. 524.)

(File No. 5043.    Opinion filed August 5, 1922.    Rehearing denied
August 31, 1922.)

**1.  Waters — Drainage — State Commission Highway Alongside
Sloughs, Ditch in, Enjoining Prospective Overflow on Plain-
tiff's Land from Deepening Ditch—Injunction Denied.**

Plaintiff owned land alongside which on section line the
state highway commission had constructed a highway, on one
.side of which and leading from vicinity of two surface sloughs
a ditch was constructed, in construction of which a small trans-
verse ridge was cut through, the level of which at that point is
1.3 feet higher than the lowest point in the nearest slough
where the highway crosses it some 150 feet distant; the other
and large slough being some 250 feet farther distant, the
land adjacent to which on the side of the highway sloping so
as to carry high water therefrom in a direction opposite that
of plaintiff's land were a culvert cut through the highway;
the ditch at a point between the two sloughs being 6 inches
higher than its bottom where it crosses said ridge and 4 inches
higher than directly .opposite the larger slough; said ditch at
said ridge passing through a natural depression through which
water of the smaller slough could escape when high; the depth
of the waters in the small slough averaging from 1.5 to 2 feet
deep.  Record fails to show whether the sloughs are temporary
or permanent in nature, or whether their waters raised after
heavy rains or during wet seasons, the inference from evidence
being that they are ordinary shallow sloughs temporary in
nature whose waters would usually disappear by infiltration or
evaporation in dry seasons and years.  Held, that plaintiff was
not only not injured but was in no danger from construction
and maintenance of said ditch; and the injunction should have
been denied.

**2.  Same—Drainage, Whether Commission Should Have Proceded to
Make Swamp Drain Under Statute.**

For reasons above set forth, it was not the highway com-
mission's duty to take proceedings to drain the basin contain-
ing said sloughs, as swamp lands, under provisions of Secs.
8598 to 8604, Code 1919.

**3.  Trial—Enjoining Highway Commission to Prevent Prospective
Water Overflow—Judge's Inspection of Premises, Irrelevancy
of—Brady v. Shirley Followed.**

The action of the circuit judge in inspecting the premises
involved in a suit to enjoin defendant state highway commis-

sion from deepening ditch on its highway leading alongside plantiff's land, to prevent alleged prospective overflow thereon, was irrelevant, and should not be considered · in determining question of right to injunction; following Bradey v. Shirley et al., 14 S. D. 447.

4. **Appeals—Error—Clearly Prepondent Evidence Against Findings and Judgment, Supreme Court's Duty to Reverse—Rule.**

The clear preponderance of evidence being against findings and judgment of trial court, it is this Court's duty to set them aside.

Smith, and Anderson, JJ., not sitting.

Action by Rudolph Schmidt, against Peter Norbeck and others, members of and constituting the State Highway Commission of the State of South Dakota, Frank S. Peck, State Highway Engineer, and D. D. Bidwell and others, to enjoin defendants from deepening · a ditch alongside a highway built by said Commission upon the section line at one side of plaintiff's land, and thereby prevent an alleged prospective overflow of waters upon plaintiff's land. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed, and new trial ordered.

*Byron S. Payne,* Attorney General, and *V. R. Sickel,* Assistant Attorney General, for Appellants.

*Ira F. Blewitt,* for Respondent.

(1) To point one of the opinion, Appellants cited: Dean v. Highway Commission (Mich.), 115 N. W. 739; Harrold v. Rye Twp. (N. D.), 101 N. W. 894.

Respondent cited: 37 Cyc. 229-230, and cases there cited; Farnham on Waters, p. 960.

SHERWOOD, J. On July 1, 1920, this plaintiff was the owner of the southeast quarter of section 2, township 108, range 52, Lake county, S. D.

The defendants Peter Norbeck, Andrew Marvick, and M. L. Shade were the state highway commission, Frank S. Peck, state highway engineer, G. E. Youngberg, assistant engineer, and D. D. Bidwell and Thomas Newton, contractors, and, with said engineer, in charge of building a state highway, a part of which ran east and west on the section line along the south side of said section 2.

About one-fourth of a mile west of plaintiff's land is a ridge of land running in a general northerly and southerly direction clear across the S. E. ¼ of the S. W. ¼ of said section 2, and across the section line highway on the south side of said section, and some distance onto the quarter directly south thereof. Immediately west of this ridge is a basin or depression in the land, containing not to exceed 45 acres of land, in which are two small sloughs. There is no natural channel or waterway through which the waters from this basin would usually flow onto plaintiff's land, and no natural channel or waterway between said sloughs.

The defendants, in constructing a state highway along the south line of the said section 2, and in grading the same, cut a ditch on the north side of the grade through this ridge or watershed, which extends east thereof along the north side of the grade to and along plaintiff's land. It is plaintiff's contention that defendants will continue to deepen this ditch, unless restrained by the court, and will, through said ditch, turn a large volume of water from the basin west of said watershed and cause it to flow east onto his land; that such water had no natural outlet toward his land, and would never reach the same but for such ditch; and that his land will be greatly damaged thereby.

Plaintiff further contends that defendants should have taken proceedings to drain this basin west of said ridge, under the provisions of sections 8598 to 8604 of the Revised Code of 1919. No actual damages are claimed by plaintiff, but plaintiff asks a temporary and permanent injunction against such theatened injury.

Defendants admit they are constructing a state highway, but deny that they intend to or will dig the ditch any deeper than it then was, and deny that water will be conducted onto plaintiff's land through said ditch, or that his land will be in any way damaged by reason thereof. Defendants further contend, and the undisputed evidence establishes the following facts: That the water in these sloughs is surface water; that the ditch dug by the defendants is a part of the highway construction, and is such an ordinary ditch as the good of the road would dictate; that it was made for the sole purpose of improving the highway and obtaining the consequent benefit to the public; that it was not intended to benefit the owner of the land nor to injure plaintiff;

that it was dug by the defendants in the performance of a public duty, in the sole interests of the public; that the plan adopted was adopted in good faith and pursuant to lawful authority; that the work was conducted with reasonable care and skill, without malice toward any person; and that the ditch as constructed was necessary for the protection of the highway, and was not deeper nor larger than was necessary for that purpose.

From a plat made by plaintiff's engineers and offered in evidence by plaintiff at the trial, which purports to show the elevations of the natural surface of the land along this ridge and along the highway at the ridge and west of it, and also the number, location, and depth of the sloughs within the basin from which it is claimed the water will be thrown onto plaintiff's land, it appears that, about 150 feet west of the point where the ditch on the north side of the highway crosses this ridge, there is a slough lying directly across said highway and extending for a short distance to the north and south of it. This slough is nearly 250 feet wide, where it is crossed by the highway. The deepest point in it where the highway crosses is 1.3 feet lower than the bottom of the ditch at the point where the ditch crosses the ridge, and is 3.5 feet lower than the natural surface of the ground at the top of the ridge where this ditch crosses it. The deepest point in this slough is on the south side of the grade, and is 1.8 feet lower than the bottom of the ditch where it crosses the ridge. This slough has an apparent average depth of from 1.5 to 2 feet; and a little less than one-half of it is on the north side of the grade.

About 250 feet west of this slough and about 40 to 50 feet north of the north line of the highway is another slough, which will be hereafter referred to as the larger slough. The larger slough is quite long and narrow, extending and sloping generally to the southwest, with its deepest point considerably south of the center of the slough, measuring north and south.

The lowest point shown in the natural surface of the land in this basin (outside the sloughs) is in the north line of the highway, directly south of the larger slough; and such depression appears to extend to the south; and this point in the north line of the highway is 2.5 feet higher than the lowest point in the larger slough. Therefore the water would have to be at least 2.5 feet deep in the larger slough before it would flow into the ditch on the north side of the highway at all.

There is a ridge between the larger and small sloughs .5 of a foot higher than the top of the ridge east of the small slough where the north line of the highway crosses it; and the bottom of the ditch on the north side of the grade between the larger and small sloughs is .6 of a foot higher than the bottom of the ditch where it crosses the ridge east of the small slough; and the bottom of the ditch between the two sloughs is 4 inches higher than the bottom of the ditch directly south of the larger slough. There is a natural depression in the top of the ridge east of the small slough, which is the lowest point shown on plaintiff's plat, through which the waters of the small slough could escape when they are high; and it is through this depression that the ditch upon the highway, extending toward plaintiff's land and along the north side of the grade is dug.

It will be seen that, if the waters in the larger slough ever became high enough to reach the ditch on the north side of the highway, they would still naturally flow south if there was a culvert at that lowest point in the basin to permit them to cross the grade; otherwise they would have to surmount a rise of 4 inches in the ditch to reach the small slough; and it does not appear from any competent evidence in the record that any waters from the large slough have reached or would reach plaintiff's land by reason of this ditch through the watershed.

It is shown by the undisputed affidavit of the highway engineer that the small slough does not exceed an acre in extent; and, if the figures drawn on plaintiff's plat by his engineer are in proper proportion—and it is presumed they are—the larger slough is not to exceed three times the size of the small slough.

There is no evidence in the record as to whether these sloughs are temporary or permanent in their nature, or to show whether the waters raised in them after heavy rains or during the wet seasons of wet years, or in what direction the sloughs would flow or extend in case of high water; except it is shown by plaintiff's plat that the natural surface of the land slopes to the south and southwest from the south end of the larger slough, and the lowest point shown in the rim of the small slough is on the east side about at the point where this ditch is dug on the highway. There is no evidence showing that any other part of the basin in which these sloughs lie is either wet or boggy.

[1]     The logical inference to be drawn from the evidence before us is that these sloughs are the ordinary shallow sloughs to be found on our upland prairies; that they are temporary in their nature; that their water would usually disappear by infiltration or evaporation in the dry seasons and in dry years; that plaintiff was not only not injured, but was not in danger of any injury by reason of the construction and maintenance of said ditch or the culvert placed therin; and that the only water which would flow eastward into the ditch that would not have gone there before was such surface water as might be in the small slough of not to exceed one acre in extent and less than half of which slough would be drained by the ditch on the north side of the highway; and it is shown by plaintiff's plat that quite a large part of the waters of the small slough were from 1.3 feet to 1.8 feet lower than the lowest point in the ditch where it crossed the grade.

[2]     For the reasons above set forth, it was not the duty of the defendant to take proceedings to drain the basin containing these two small sloughs under the provisions of sections 8598 to 8604 of the Revised Code of 1919.

[3]     We have considered the contention of plaintiff as to the effect of the circuit judge's inspection of the premises, made befor granting the injunction in this case; and, with regard to such inspection, we approve of what was said by Mr. Justice Corson in Brady v. Shirley et al, 14 S. D. 447, 85 N. W. 1002, as follows:

"But, as the law has made no provision for such an examination by the judge, and has not provided any method by which the result of such an eaxmination can be reviewed by this court, we are compelled to disregard it in the consideration of the case, and to look only to the evidence presented by the record." Saint Croix Lumber Co. v. Pennington, 2 Dak. 467, 11 N. W. 497; Farwell et al v. Sturgis Water Co., 10 S. D. 421, 73 N. W. 916; Dibble v. Castle Chief Gold Mining Co. et al, 9 S. D. 618, 70 N. W. 1055.

[4]     The clear preponderance of the evidence being against the findings and judgment of the trial court, it is the duty of this court to set such findings and judgment aside. Randall v. Burk Township, 4 S. D. 337, 57 N. W. 4; Durand v. Preston, 26 S. D. 222, 128 N. W. 129; Reed v. Boland, 31 S. D. 309; 140 N. W.

691; Davis v. Davis, 29 S. D. 420, 137 N. W. 283; La Penotiere v. Kellar, 29 S. D. 496, 137 N. W. 382; Squier v. Mitchell, 32 S. D. 342, 143 N. W. 277; Danielson v. Gustafson, 33 S. D. 440, 146 N. W. 562.

The judgment and order appealed from are reversed, and a new trial ordered.

SMITH, and ANDERSON, JJ., not sitting.