## PHILLIP RITCHEY

### v.

## THE CITY CORPORATE OF CANTON.

*Burial Grounds—Regulation of Burials—Power of City Council— Rights of Private Owners of Cemetery Lots.*

Where a private person purchases from a cemetery corporation a lot in its cemetery, and subsequent to such purchase the company transfers all its cemetery property to the city in which it is situated, and after the conveyance to the city an ordinance is passed providing that no grave shall be dug in the cemetery except by permission and under the direction of the city sexton, *held*, that the city could not by such ordinance deprive the above named private purchaser of the right to dig a grave, or hire one dug by whom he pleased, in his lot, provided such digging was done in a safe and proper manner.

[Opinion filed April 11, 1892.]

Appeal from the Circuit Court of Fulton County; the Hon. Jeff. Orr, Judge, presiding.

Messrs. Grant & Chiperfield, for appellant.

Mr. D. Abbott, for appellee.

Mr. Justice Boggs. On the 21st day of August, 1881, Mrs. Almeda Rush, by deed from the Canton Cemetery Company, became seized in fee simple of the title to a certain lot in said cemetery. In February, 1882, the Canton

Cemetery Company conveyed all the cemetery property by it still owned to the city of Canton in trust for burial purposes. Section 7 of an ordinance of the city, duly passed after the conveyance of the cemetery to the city, provides that no grave shall be made in the cemetery except by permission and under the direction of the sexton appointed by the city; and section 8 of the same ordinance provides for the punishment of any one violating these provisions by the imposition of a fine of not more than $200. After the passage of this ordinance Mrs. Rush requested the appellant to go upon her lot and dig a grave for the burial of her daughter, which the appellant did without permission of the city sexton, and, in fact, against the will of the sexton, who claimed the right to dig the grave. It is stipulated by the parties that the appellant was and is a competent grave digger, and it is not contended that in preparing the grave he violated any of the provisions or failed to observe any of the requirements of the ordinances of the city, relating to the cemetery, except the seventh section of the ordinance, which prohibits the digging of a grave in the cemetery unless by permission or under the direction of the sexton. The appellant, upon a charge that he had thus violated the seventh section of the ordinance in question, was, upon an agreed state of facts, in the Circuit Court of Fulton County, tried by the court without a jury, and adjudged guilty, and a fine of one dollar and costs assessed against him. From that judgment he prosecutes this appeal.

It is a fact conceded by the stipulation of the parties that Mrs. Almeda Rush was the owner in fee simple of the lot in question before the appellee became possessed of any interest whatever in the cemetery grounds. The lot is, however, within the limits of the city, and her use of it, though she held by title in fee simple, is subject to the exercise on the part of the city of that inherent and plenary power resting in the State, and by the State delegated to the city, to prohibit all things hurtful to the comfort, safety and welfare of the inhabitants of the city. Subject to the exercise of this power, we are, under the stipulation, to recognize as

existing in her all the rights that flow to and vest in the owner of real property devoted to the purpose of the burial of the dead, in no wise diminished by the acquisition by the city of the title in trust to the other portion of the cemetery grounds. The power of the city to regulate by ordinance the use and the manner of use of the burial lots by persons purchasing from the city after the adoption of such ordinance does not apply to her lot, except to the extent that the provisions of the ordinance are directed to the protection of the health, comfort, safety and welfare of the public. The lot is her property, with all the title and rights of fee simple ownership of cemetery lots located within the limits of a city. One of these rights is the privilege of interring therein the bodies of her dead by her own hand, if she likes, or by the hand of such sympathetic neighbors or friends as may volunteer their service, or by whom she may employ for that purpose. The city may by ordinance establish such regulations concerning the manner of digging the grave, its depth, etc., and the interment, as are reasonable in their character and necessary for the protection of the public health and welfare, and she or those who make the grave for her must conform to such regulations. Her right, however, to make a grave in her own lot and inter therein the body of her deceased daughter can not, by ordinance, be made dependent upon the permission of the city sexton, nor can he claim by virtue of the ordinance exclusive right to make the grave for her, even for reasonable compensation. The appellant was acting at the request of Mrs. Rush, and as she might lawfully do by another that which she might lawfully do herself, he can not be held amenable to an ordinance that was not effective as to her.

It is to be understood that what is here said is applicable to the case at bar, which is different in principle from a case between the city and a person who purchased a burial lot or burial rights in a lot from the city after the passage of the ordinance. The judgment of the Circuit Court, for the reasons given, must be reversed.

*Judgment reversed.*