## Linus Graves v. City of Bloomington.

1. CEMETERIES—*Use and Management of.*—Although the charter of a cemetery association may confer a private franchise, yet the use made of it, necessarily impresses it with a public character in some degree, and when lots are sold for burial purposes, the purchasers acquire the right

to visit the same and to improve and care for such lots either in person or by agent, but those seeking admission must, of course, come during proper hours and for proper purposes, and when admitted must observe the decorum of such a place, and the superintendent may exclude any whose presence or conduct is unseemly or indecent.

Complaint, for assault and battery. Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed November 21, 1896.

OWEN T. REEVES and HARVEY HART, attorneys for appellant.

JACOB P. LINDLEY, city attorney, for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellant was charged with an assault and battery contrary to the city ordinance. The case was tried before a police magistrate and was afterward removed by appeal to the Circuit Court, where by consent of the parties a jury was waived and the issues submitted to the court. Appellant was found guilty and a fine of $10 was imposed from which he prosecutes this appeal. The proof shows that appellant did inflict personal violence upon the prosecuting witness, Helena Franks, and the defense is that he was justified in so doing in order to keep her from entering the grounds of the Bloomington Cemetery Association. He was the superintendent of the cemetery and claimed the right to exclude her therefrom.

She insisted that by usage and as a matter of right she and the public generally could visit the cemetery at proper times and under reasonable conditions, and that she had a special right because she was employed by persons owning lots therein to care for the same and keep the graves and flowers thereon in proper order. At the time the difficulty occurred she was about to go in with a bucket of water and a sprinkling pot for that purpose. She also claimed the right because her husband was buried there.

An ordinance of the city forbade persons from visiting any cemetery or remaining therein after sunset or before sunrise.

Graves v. City of Bloomington.

It was shown that the grounds are laid off in walks and drives and that the public go there without hindrance during the usual hours of the day, more especially on Sundays and when the weather is fine. The charter of the association was produced, from which it is claimed that the association is purely a private corporation, and that it may exclude any and all persons at pleasure. Granting that the charter confers a private franchise, yet we think the use made of it must, necessarily, impress it with a public character in some degree. When lots are sold for burial purposes the purchasers certainly acquire the right to visit the same and to improve and care for them. This may be done in person or by agent. A great number of persons thus acquire an actual right to go there during proper hours and for proper purposes. In order that this right may be the better enjoyed, convenient walks and driveways are provided and the public are admitted without distinction. This is customary and accords with the general sense of propriety. Of course, those so admitted, must observe the decorum of such a place. The superintendent may exclude or reject any whose presence or conduct is unseemly or indecent. Was there in this case any good reason for excluding the prosecuting witness? We think not—at least there is no sufficient ground for overruling the conclusion of the trial court on that point. She had an arrangement with persons owning some six or eight lots by which she was to take care of the same, as already stated, and she was going there for that purpose. The appellant insisted that she had given him trouble by meddling with other lots and graves, and that she had remained after hours on one occasion. She denied this and it does not appear that she had so violated reasonable regulations as to furnish an excuse for exclusion altogether.

Furthermore it seems quite clear that if she was properly subject to exclusion, the conduct of appellant was unnecessarily and unreasonably forcible and violent.

In no view of the case, as shown by the record, is he to be justified.

The judgment will be affirmed.

# CASES

# APPELLATE COURTS OF ILLINOIS.