(28 Misc. Rep. 280.)

### JOHNSTOWN CEMETERY ASS'N v. PARKER.

(Supreme Court, Trial Term, Fulton County. July, 1899.)

1. CEMETERIES—RIGHT TO IMPOSE PENALTIES FOR VIOLATING REGULATIONS.
   As a cemetery association is not a governmental agency, the legislature has no authority to give it the power to make certain acts within a cemetery illegal, and impose a fine therefor.

2. SAME—RESERVATION IN DEEDS TO LOT OWNERS.
   Where a cemetery association, in the deeds conveying lots, grants to the lot owners the right to cultivate trees, shrubs, and plants on their lots, the association cannot prevent a lot owner from mowing grass and weeds on his lot.

3. SAME—UNREASONABLE REGULATIONS.
   A regulation by a cemetery association prohibiting lot owners from cutting grass and weeds on their lots is not a reasonable regulation, within Laws 1895, c. 559, § 47, providing that the directors may make reasonable rules for the care and management of lots in the cemetery.

Action by the Johnstown Cemetery Association against William Parker to recover a penalty for violating a regulation. Complaint dismissed.

John M. Carroll & Son, for plaintiff.
A. J. Nellis, for defendant.

STOVER, J. The plaintiff is an association organized under the general laws of the state, and this action is brought to recover a pen-

alty of $25 for an alleged violation of the rules and regulations of the association. By section 47 of the law governing cemetery associations (Laws 1895, c. 559), it is provided that:

"The directors of a cemetery corporation may make reasonable rules and regulations for the use, care, management and protection of the property of the corporation and of all lots, plats and parts thereof in its cemetery; * * * for regulating the introduction and care of plants, trees and shrubs within such grounds; * * * for the conduct of persons while within the cemetery grounds; and for the exclusion of improper persons therefrom and improper assemblages therein. * * * The directors may prescribe penalties to be paid by a person violating any such rule or regulation, not exceeding twenty-five dollars for each violation, which shall be recoverable by the corporation in a civil action."

Pursuant to this provision,. the plaintiff on the 11th day of May, 1898, adopted the following rule and regulation:

"Sec. 9. The superintendent of the grounds shall have the sole care and superintendence of the grading, and of the care of all lots, including all work done thereon, subject to the direction of the committee on superintendence; and no work whatever shall be performed in the cemetery, or on any lot therein, except by the superintendent of the grounds, or with his consent and under his superintendence. This section shall not, however, prevent any lot owner from doing any proper work upon his own lot, himself, under the control and subject to the approval of the superintendent of the grounds. Any person or persons refusing to conform to this regulation may be excluded from the cemetery grounds, and any person violating this regulation shall forfeit a penalty in the sum of $25, to be recovered as provided by law."

The defendant was employed by several lot owners,—some of them widows,—having relatives buried upon their lots, to mow the grass and remove weeds from the lots; and in pursuance of this employment, and under the direction of the lot owners, he did cut grass and remove weeds from the burial plats. It is for these acts that this action is brought, and for the purpose of recovering the penalty for violation of the rule of the association above set forth.

We are confronted at the outset of this case by the question as to the power of the legislature to delegate its authority to the extent and in the .manner provided by this statute. It is not my purpose to exhaustively discuss the question of the delegation of legislative power, but to simply call attention to some of the features of this case, presentation of which will disclose to the legal mind the reasons for the conclusions which I have drawn. The central government may delegate to municipal and other public corporations some portions of its own powers for local purposes. It may clothe a municipal assembly with power to enact ordinances and to fix fines and penalties in the administration of the local government; and generally it may, within the limits necessary to carry out the police administration of the state, clothe the municipality with power to enact suitable regulations for the conduct of the local government. These regulations, however, must. all be reasonable, and within the limits recognized as proper for the administration of government under the police power of the state. The powers delegated must be such as are incidental to the governmental functions of the state or the locality, and must be for a public purpose, and for the regulation of the conduct of the public. A cemetery association, organized as the plaintiff is, is not a governmental agency; nor has it the characteristics of a municipal

or public corporation, in the sense that it performs any governmental function.    It is simply an association of people who have organized for a common interest, affecting only the private individuals who may happen to be associated together.    The powers of government, except to the extent above indicated, cannot be delegated by the legislature. The power of making laws is one involving discretion and responsibility.    It can be exercised only by a public body,—a municipal organization.    The act in question permits the association to declare an act illegal, and to impose a penalty or fine therefor.    That is, in fact it permits a declaration that a person violating its rules or regulations is guilty of a crime and punishable by a fine.    It may as well say that any person going upon the grounds of the plaintiff without a certain form of license shall be punished by a fine.    In this instance it is undertaken to show that by entering upon the premises, not of the association, but of the lot owner, a person is subject to the penalty, and any person violating the rule shall be excluded from the grounds.    It may go to the extent of excluding a lot owner, who has been guilty of permitting some person to perform labor upon his lot, from going within the cemetery.    If it is within the power of the legislature to delegate this authority to a cemetery association, it may delegate it to any private corporation.    It may permit a railroad company to make a regulation that a person shall not enter its depots or grounds without certain permission, and a violation of the rule renders them subject to a penalty to be fixed by the corporation. That it is fixed in this instance at $25, which may be considered a small sum, cannot affect the power of the legislature; for, if a fine of $25 can be imposed in this way, a fine of any other amount may be fixed.    So that it comes to this:    If this is a valid enactment, the legislature may provide that a private corporation, or mayhap a private individual, may declare that any person who trespasses upon its or his premises is guilty of a violation of a rule, and subject to a penalty to be fixed by the person owning the premises, to be enforced by an action at law.    It would seem—and I am cited to no authority that would uphold such a proposition as this—that the statement of this proposition would be sufficient to indicate invalidity.    I am therefore of the opinion that the attempted delegation of the right to a cemetery association to fix a fine for the violation of a regulation made by it is not a valid exercise of legislative power.    But, assuming that such was a valid piece of legislation, it must be construed with reference to the other provisions of the statutes and the surrounding circumstances.    They have authority to make only reasonable regulations.    The owners of the several lots in question have deeds which grant to them the entire estate in the premises, subject to the rules and regulations annexed to the deeds, which are as follows:

"(1) The proprietor of each lot shall have the right to inclose the same under the advice and direction of the trustees.    (2) Proprietors shall not allow interments to be made on their lots for remuneration.    (3) No disinterments shall be allowed without the permission of the trustees.    (4) The proprietor of each lot may erect any proper monument, gravestone, or sepulchral structure thereon, and cultivate trees, shrubs, and plants; but no trees growing on the lot or border shall be cut down or destroyed without the consent of the trustees.    (5)

If any tree, monument, effigy, inclosure, or structure whatever, or any inscription, shall be determined by the trustees to be offensive and improper, or injurious to the surrounding grounds, the trustees may cause the offensive or improper object or inscription to be removed. (6) The trustees may from time to time lay out or alter the avenues or walks, and make such rules and regulations for the government of the grounds as they may deem proper."

It will be seen that this deed reserves the right to each proprietor to cultivate trees, shrubs, and plants upon the premises. Now, the right to cultivate plants (and growing grass must be considered as a plant, and is embraced within the definition of a plant) is reserved to each proprietor; and, in order to cultivate and care for it, it is necessary that the owner of the lot shall enter upon, and cut from time to time the grass growing upon, the lot. So, again, the deed transferring the entire title to the property, subject only to the regulations that were attached to it, gave to the owner the absolute use and control, except so far as they were inconsistent with any right which was to be exercised under the deed by the cemetery association. It gave to him the absolute right of ingress and egress at any time, to enter upon it for any of the purposes that were consistent with its use and occupation. And who will question that the trimming of grass and removal of weeds upon a burial lot is not a proper exercise of ownership over that lot? It is the absolute and unqualified right of the owner to enter upon that lot, and to do anything thereon, as an owner, not inconsistent with any right which the cemetery association may have. The right to prescribe rules for the government of the grounds does not extend to the right to curtail the right of an owner to occupy his lot. He may occupy it despite any rules or regulations of the association, so far as it does not affect any right of theirs. If they can make a regulation that the superintendent shall do all the work upon the lots, they may make a regulation that no monuments shall be erected except by the superintendent. It will be observed, and as was stated upon the argument, the object of the regulation was to compel lot owners to employ the superintendent to care for and take charge of their lots, so as to produce a revenue for the association. This, it seems to me, was clearly beyond the power of the cemetery association to do. The owner of the lot had bought and obtained the lot for burial purposes. He was the absolute owner of it. No one could limit him in his use of it, except so far as the conditions of his deed had done so. Can it be that a regulation permitting rules and regulations for the government of the grounds can be construed to mean all lots? Such a regulation would be practically a limitation upon the lot owner to the purpose of depositing a body there, and, when once deposited, no right or privilege is left to him for the supervision or control of the lot. But that is the converse of the object and intent of the deed. The object of the deed, and its legal effect, are to convey to the owner the entire and absolute control, except so far as he is limited by the rules and regulations attached to his deed. They may regulate the hours at which work may be done upon lots (that is, within reasonable limits); they may say that no work shall be done upon a lot during a burial in the vicinity; and, generally, they may make reasonable regulations. But, even assuming that a right was reserved by the association to

pass regulations governing the care of the lots, the regulation in question would not be a reasonable one. It is not reasonable to deprive the owner of a lot of the right to cultivate flowers, plants, grass, and shrubbery upon his lot, so long as he does not violate any right of the cemetery association. He has the absolute right to do as he pleases, and to use it, within those limits, as free from hindrance as he has his own household premises.

I have, I think, sufficiently indicated the trend of the argument upon the questions here in my mind, and it leads to these conclusions: First, that no right is reserved to pass a regulation as to the enjoyment of the lot in question; second, assuming that a right to limit the enjoyment of the lot is conferred by the restrictions in the deed, the attempt to exercise in this instance is not a reasonable exercise, and the regulation is not a reasonable one; third, that it was not within the power of the legislature to delegate to a cemetery association the right to declare that a person is guilty of a crime, and impose a fine therefor.

I have not discussed the question as to how far persons who voluntarily enter into an association may be bound by rules and regulations, for that question does not enter here. In this case there is no attempt to bind defendant as a lot owner, but he is admitted to be fined for an act committed, not as a lot owner, but as an outside member of the community. It is quite apparent to what extent the reasons above stated would apply even to a lot owner. The complaint must be dismissed, with costs.

Complaint dismissed, with costs.