## Cedar Hill Cemetery Company v. Lees, Appellant.

*Cemeteries—Burial lots—Care of lots—Cemetery companies—By-laws.*

It is a reasonable regulation of a cemetery company that lot-owners who desire to have their lots and graves sodded, grass cut, and flowers and shrubbery planted, trimmed or removed, shall have the work done under the direction of the superintendent at moderate prices, and that no person shall be permitted to enter the cemetery to do such work at the instance of individual lot owners. A gardener in the employ of individual

lot owners, but without contractual relation with the cemetery company, has no standing to allege that the regulation is invalid because it is in restraint of trade and so against public policy.

Argued Dec. 11, 1902. Appeal, No. 186, Oct. T., 1902, by defendant, from judgment of C. P. No. 4, Philadelphia County, March T., 1901, No. 1328, for plaintiff on case stated in case of Cedar Hill Cemetery Company v. Thomas Lees. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Case stated to determine right of defendant to do work in a cemetery.

The material facts of the case stated are set forth in the opinion of the Superior Court.

*Error assigned* was in entering judgment for plaintiff on case stated.

*George Henderson*, with him *William J. Lawson*, for appellant.—Corporations have not unlimited authority to enact by-laws. They cannot adopt such as are contrary to the charter, unreasonable against public policy, or in subversion of vested rights: Hibernia Fire Engine Co. v. Harrison, 93 Pa. 264; Granger v. Grubb, 7 Phila. 350; Eyre v. Association, 17 Legal Int. 148; Com. v. St. Patrick's Benevolent Society, 2 Binney, 441; State v. Merchants' Exchange, 2 Mo. App. 96; Ashby v. Harris, L. R. 3 C. P. 523; Keeler v. Taylor, 53 Pa. 467; Nester v. Continental Brewing Co., 161 Pa. 473.

*William H. Peace*, for appellee.—Under this deed, the lot holder (vendee) did not take a fee, or any exclusive rights in the lot, save that of burial, and all his rights thereunder were subject to the rules of the company vendor: Hancock v. McAvoy, 151 Pa. 460; Craig v. First Presbyterian Church, 88 Pa. 42; Church v. Wells, 24 Pa. 249; Root v. Odd Fellow's Cemetery Co., 148 Pa. 494; Buffalo Cemetery Co. v. BuffaloCity, 46 N. Y. 503.

The by-laws were reasonable: Com. v. Lancaster, 5 Watts, 152; Goddard v. Merchants' Exchange, 9 Missouri App. 290; State ex rel. v. Milwaukee Chamber of Commerce, 47 Wis. 670 (3 N. W. Repr. 760); Matthews v. Associated Press of

New York, 136 N. Y. 333 (32 N. E. Repr. 981); Cross v.
West Va. Cent. & P. Ry. Co., 37 W. Va. 342 (16 S. E. Repr.
587); Newman v. Sailors' Snug Harbor, 54 Barbour, 532;
Schmidt v. Supreme Tent, 97 Wis. 528 (73 N. W. Repr. 22);
People v. Burnham Hospital, 71 Ill. App. 246; Board of Trade
v. Riordan, 94 Ill. App. 298; Brewster v. Miller, 101 Ky. 368
(41 S. W. Repr. 341).

OPINION BY BEAVER, J., March 12, 1903:

The plaintiff, in whose favor a judgment was entered in the
court below upon a case stated, is a cemetery association, un-
der deeds from whom certain lots were conveyed to sundry
individuals for purposes as set forth in the habendum of the
said several deeds, " for the uses and purposes of a burial ground
or place of sepulture for deceased human bodies, except people
of color, and to and for no other use or purpose whatsoever,
under and subject to all the rules, regulations, conditions and
restrictions contained and set forth in the charter, constitution
and by-laws of said company, as the same now exist and as
they shall from time to time hereafter be altered and amended,
and subject also to the restrictions that no iron fence shall be
erected around the said lot, nor shall any post, except for gate
entrance, be erected thereon which shall exceed two feet, six
inches, in height above the surface of the ground; providing,
however, that coping may be set around said lot or the same
may be enclosed with posts and galvanized pipes not exceed-
ing the said height of two feet, six inches.   And subject further
that the said            , heirs and assigns, shall at all times
hereafter keep the said lot or piece of ground in such good
order and condition as the Cedar Hill Cemetery Company of
the county of Philadelphia may require, or in default of so do-
ing shall permit and suffer the said, the Cedar Hill Cemetery
Company of the county of Philadelphia, at the proper expense
and charges of the said            , heirs and assigns, to
enter upon and keep the said lot in proper order and condition,
the said the Cedar Hill Cemetery Company of the county of
Philadelphia reserving the right at all times to remove from
said lot any tree or shrubbery which may in any manner ob-
struct the view of the cemetery grounds or which may become
injurious or objectionable to the owners of adjoining lots.".

The defendant is a gardener who, under written authority from sundry lot owners, kept their burial lots in order by cutting grass and doing such other work as is usually necessary for the proper care and maintenance of cemetery lots.

Under rule 18 of the by-laws, rules and regulations of the plaintiff company, revised and approved October 19, 1882, "Lot owners and others, who desire to have their lots and graves sodded, grass cut, flowers and shrubbery planted or trimmed, must apply to the superintendent who will see that the work is performed in a satisfactory manner and to whom the charge for the work done must be paid previous to the work being done, taking his receipt for the same; and, if not satisfied with the same after completion, or the same not being done according to order, must make complaint within thirty days at the office of the company."

Under sections 2, 4 and 5 of article 10 of the by-laws and regulations of the company, revised and approved December 18, 1900, it is provided:

"Sec. 2. To prevent confusion from the introduction of a variety of workmen, the trustees have made arrangements to have all the excavating as well as the building for foundations for enclosures and for monuments, the sodding of lots and graves and cutting of grass, planting of flowers, shrubbery and trimming of the same, etc., performed under the direction of the superintendent at moderate prices."

"Sec. 4. No person will be permitted to enter the cemetery for the purpose of cutting grass, planting flowers, sodding and grading lots at the instance and direction of any lot owner, and any such person so offending will be treated as a trespasser."

"The company reserves to itself the right to do all such work for lot owners, under the supervision and direction of its superintendent."

"Any lot holder who may desire to personally perform such work in his or her own lot must conform to all the company's rules and must remove all dirt and rubbish made by them to such places of deposit, provided for the purpose by the company."

"Sec. 5. Lot owners and others who desire to have their lot and graves sodded, grass cut, flowers and shrubbery planted or

trimmed must apply to the superintendent who will see that the work is performed in a satisfactory manner, and to whom the charge for the work to be done must be paid previous to the work being done, taking his receipt for the same; and, if not satisfied with the same after completion or the same not being done according to order, must make complaint within thirty days at the office of the company, when the trustees will see that the default is remedied without delay. Persons who desire to remove plants or flowers or any other property from their lot or lots or graves must make application to the superintendent and obtain his permission. No person will be allowed to remove plants or flowers or other property from the cemetery, without first obtaining such permission."

The defendant, prior to October 9, 1900, was in the habit of caring for the lots of sundry lot owners, under written authority, such as follows: " The superintendent of Cedar Hill Cemetery Company will please allow Thomas Lees to take charge of my lot until further notice in Lot No.　　, section　　, owned or represented by me, under the rules and regulations of the above cemetery company.　　　　　" On October 12, 1900, a notice, a copy of which follows, was served upon the defendant: " The board of trustees of the Cedar Hill Cemetery Company hereby notify you to cease the care of the burial lots in Cedar Hill Cemetery after January 1, 1901, and not to enter into any more agreements or contracts for the care of such lots, which is contrary to the charter, rules and regulations of said company and, if you persist in so doing, you do so at your peril. By order of the board of trustees passed on October 9, 1900." Notwithstanding this notice, the defendant continued to work for such lot owners as employed him to care for their burial lots, etc., having no authority from the plaintiff company to enter said cemetery grounds for the purpose of doing any work in and about any burial lots belonging to any other person than himself.

In order to determine the right of the defendant to do such work as he was engaged in doing in and about the burial lots of others than himself, the case stated, in which all the facts are fully set forth, was presented to and determined by the court below. No opinion was filed but judgment was entered for the plaintiff on the case stated for $10.00, which judgment

was a vindication of the right of the plaintiff to make and maintain the by-laws hereinabove quoted, and a determination that the defendant had no right to perform the work which he had previously done in and about the burial lots of owners who had employed him for that purpose.

The point is made by the appellee that " the facts of the case stated do not show that his (defendant's) alleged written authority from certain lot holders ever came to the knowledge or notice of the cemetery company." Inasmuch, however, as the question is one of importance, the decision of this case should rest upon the broad ground suggested by the appellant, namely, " The validity of sections 2, 4 and 5 of the by-laws," rather than upon a mere technicality. We will assume, therefore, that the defendant entered the grounds of the plaintiff association armed with all the authority which the written notice to the superintendent hereinabove quoted conferred or could confer upon him.

1. It is not denied that the plaintiff company has full authority to make all reasonable rules and regulations for the government of its cemetery, but the principal ground upon which the validity of the by-laws referred to is attacked is that of their unreasonableness.

" The conveyance of an exclusive right of interment or sepulture in a lot to be held for that purpose only and subject to the regulations of the cemetery, whether it be in the form of a deed with the customary words of inheritance, or of a mere certificate, is the grant of a mere license or privilege to make interments in the lot described, exclusively of others, as long as the ground shall remain a burying ground. 2 P. & L. Dig. of Dec. 2507." Ordinarily, a cemetery is laid out and planned according to a fixed scheme as to improvement of the real estate, the erection of monuments, enclosure of lots, the character of trees and shrubbery to be planted and ornamentation in general. Anything which interferes with this general scheme is not only detrimental and injurious to the scheme itself but to every lot which enters into the combination. It is of the first importance, therefore, that the association should assume and retain the absolute control, as is sought to be done in and by the deeds of conveyance and the by-laws and regulations of the plaintiff company, of the erection of monu-

ments and partitions between lots, the planting of trees and shrubbery and the general subject of ornamentation. This, in the nature of the case, can be done only under the supervision of one person, and in this case that person is the superintendent of the cemetery who acts under the direction of and is supposed to be familiar with the plans and purposes and general scheme of improvements of the association. Not only are the by-laws under consideration essential to the preservation of this general scheme of improvement and ornamentation, but they are necessary as well to preserve the rights of the individual lot owners which are carefully preserved in the deed under which the lots are conveyed : The plaintiff company " reserving the right at all times to remove from said lot any tree or shrubbery which may in any manner obstruct the view of the cemetery grounds or which may become injurious or objectionable to the owners of adjoining lots." It is difficult to see how the rights of individual lot owners in respect of those things which are or may become objectionable in adjacent lots can be properly conserved without some such general and indeed exclusive control of the ornamentation of all lots as is provided for in the by-laws to which exception is taken.

A serious difficulty of practical administration can readily be foreseen, if the contention of the defendant be correct. The plaintiff association must necessarily employ a sufficient number of skilled men to care for all the lots under its general supervision. If lot holders were permitted to employ others indiscriminately, not only would the difficulties heretofore spoken of be indefinitely multiplied but the plaintiff's employes might be idle.

Upon all grounds, therefore, it seems to us clear that the by-laws are not only reasonable but necessary to efficiency and successful administration.

There is no objection to the regulations of the plaintiff association on the ground of excessive charges or that the work necessary to be done in and about the care of the lots of lot owners has not been faithfully and tastefully performed whenever requested.

2. The appellant also bases his argument against the validity of the by-laws in question, because of their being in restraint of trade and so against public policy. We cannot see

how he is in a situation to assume such a position. He admits in his argument that the relation of the lot owners to the plaintiff association is purely contractual, but he has no contract with the plaintiff association. Even if his contention were true that the contract is in restraint of trade, how does it affect him? The law will declare a contract void, as being in restraint of trade, only as between the parties affected by the contract. Even if the defendant were a lot owner himself, the contract relating to a single cemetery lot would regulate nothing but the lot itself and would, therefore, not be a contract in restraint of trade generally, but it is not alleged anywhere in the case stated that he is a lot owner. We do not see that the argument has force or application.

3. It is argued that the object of the by-laws in controlling the care of lots is profit and, therefore, contrary to the charter, but it is nowhere alleged in the case stated that a profit is made or intended to be made by the care of lots by the association and, in the absence of such an admission, we cannot assume as a fact that the plaintiff either does or intends to make a profit by the work done under its supervision in the care of the lots of which it has the general oversight and control.

The case seems to us free from difficulty and, although it would have been more satisfactory if an opinion had been filed by the court below, we see no reason to interfere with the judgment. Affirmed.