Chariton Cemetery Company, Appellant, v. Chariton Granite Works et al., Appellees.

CEMETERIES: Rules and Regulations. It may be presumed, in the
1   absence of any showing as to the terms on which a burial lot was obtained, that the cemetery association has the right to provide, by *reasonable* rules and regulations, for the orderly improvement and adornment of the cemetery and of the lots therein contained.

CEMETERIES: Rules and Regulations—Unreasonableness. A rule of
2   a cemetery association to the effect that all grading or improving of lots and all excavations and foundations for monuments shall be performed *by the association*, is unreasonable and void.

*Appeal from Lucas District Court.*—Seneca Cornell, Judge.

MARCH 4, 1924.

ACTION to enjoin defendants from excavating for and constructing foundations for monuments in a cemetery. From a decree for defendants, plaintiff appeals.—*Modified and affirmed*.

*C. W. Stuart* and *C. W. Steele*, for appellant.

*S. C. Hickman*, for appellees.

VERMILION, J.—The plaintiff, a corporation owning land which had been platted, and devoted to and used for cemetery

purposes, seeks to restrain the defendants, who were engaged in manufacturing, selling, and erecting monuments at graves of deceased persons, from constructing any foundations for monuments, markers, headstones, or other work of such character upon any lot in the cemetery, or from grading any lot or removing any earth in the cemetery, or from driving any conveyance upon any lot therein, or from doing any act in violation of the by-laws of the plaintiff company.

Certain of the rules and regulations of the cemetery company are set out in the petition. The sections material to this inquiry are as follows:

"IX. All grading or improving of lots and all excavations for vaults, foundations or any other purpose, must be done by the employees of the company, for which moderate charges will be made which must be paid to the secretary or superintendent when ordered.

"XXI. As the guarantee of good work and as a protection to all lot holders, and for the general welfare of the cemetery, all foundations are built by the company at the expense of the lot owners. · The lot holder's order and guarantee, on a blank furnished by the Cemetery Company, authorizing the work to be done, must be deposited with the superintendent or secretary before the work is commenced. Orders for foundations should be given to the superintendent or secretary one month in advance. Foundations will be made at least as large as the bottom base or first masonry course, · above ground, but the cemetery management reserves the right to require a larger foundation when in their estimation the weight of the structure requires it. Excavations and foundations must be paid for in advance."

It is alleged that the defendants have been violating the rules and regulations of the plaintiff by grading lots in the cemetery and building and constructing foundations for monuments upon lots, and by doing such work in the manner they choose, and without the consent or approval of the cemetery company or its officers; that they have caused great damage to the cemetery by driving upon lots and leaving material, refuse, and debris thereon and in the driveways. A temporary injunction was issued, restraining the defendants from doing the acts complained of.

The defendants by answer allege that the rules of the cemetery company are unreasonable, and therefore void; that the foundations constructed by the company were not such as were required by its rules, and were composed of improper materials, and improperly constructed, with the result that monuments erected by defendants settled and leaned, and were in a falling condition, and that defendants, having represented to the owners of monuments that they would be placed on firm and substantial foundations, have been compelled to enter upon such lots and rebuild such foundations, and will be compelled to so rebuild other foundations upon which they have placed monuments, tombstones, and markers, or answer to the owners in damages; that what they have done in the way of entering upon the lots in the cemetery has been at the request of the owners of the lots, in order to rebuild foundations and bases of monuments, tombstones, and markers constructed by the cemetery company, and after the refusal of the secretary-treasurer of the company to do so on demand. They deny that they have damaged any of the property of plaintiff or any lot owners, or left any refuse or debris upon any lots.

A demurrer to the answer was overruled, and, after a trial, the court by decree found that the plaintiff had a legal right to adopt such rules and regulations as it thought necessary for the conduct of its business, provided they were reasonable; that all the rules and regulations adopted were reasonable and valid except Rules IX and XXI, as above set out, which were void because unreasonable; that the evidence failed to establish any violation on the part of defendants of Rule XXII (relating to the conduct of persons erecting monuments and the like), except such as was reasonably accounted for by the attempt of the cemetery company to enforce Rules IX and XXI against defendants; that plaintiff might not refuse to permit defendants to excavate for, or construct foundations for, monuments or tombstones on lots belonging to defendants' customers, so long as the work was done in conformity with the valid rules of the company; and that, before entering the cemetery to perform such work, defendants must notify some of the officers or the superintendent of the company, so that it might have someone present. The temporary injunction was dissolved.

Without entering into any detailed discussion of the evidence, it will suffice to say that it is fairly established that the work done by the defendants in the cemetery, aside from the placing of monuments and tombstones, of which no complaint is made, consisted in the construction and repair of foundations at the request of the owners of lots. It is clearly established that many foundations for monuments put in by the cemetery company were not properly constructed, and that, as a consequence, the monuments placed upon them soon became out of plumb, and repairs were necessary or new foundations required.

It is not shown by what sort of conveyance the lot owners acquired their lots, or the character of the title so conveyed, or what, if any, reservations of a right to control and manage the cemetery on the part of the company by rules and regulations or otherwise were made.

1. CEMETERIES: rules and regulations.

In this situation, it may be assumed, however, that the company had a right to provide by reasonable rules and regulations for the orderly improvement and adornment of the cemetery and the lots therein by the erection of monuments or other memorials, and to prohibit any use, division, or adornment of a lot that it deemed improper. Code Section 587. It is conceded that the company had this right, so far as concerned the manner of the use of the cemetery. We are not concerned with more than this in the present case.

It is apparent that what defendants were doing in constructing foundations was in violation of the rules above set out, providing that all excavations for foundations should be made and all foundations constructed by the company. If these rules are reasonable in character and such as the company had a right to make, it had a right to insist on their observance. If, on the other hand, the requirement that such work must be done by the company or its employees only is unreasonable, appellant may not have the aid of a court of equity in enforcing it.

Assuming, as we have,—although there is, as we have said, no evidence from which the fact can be found,—that the lot owners acquired, not the absolute fee of the lots, but merely an exclusive right of sepulture therein, subject to such reasonable rules as to the improvement and adornment of their lots as the cemetery

2. CEMETERIES: rules and regulations: unreasonableness.

company might make, still it is plain, both in reason and upon authority, that the mere right to bury the dead was not all that was granted. With the right to use the lot as a burial place there went also the privilege of visiting, keeping, and attending the graves of those interred there, under such reasonable rules as to the character of the work and the manner in which it should be done as might be prescribed. That the lot owner could not reasonably be deprived of the right to do personally what he might desire, so long as he conformed, in the character of the work and the manner of doing it, with such rules, cannot be doubted. Any rule of the company that would deprive him of the right to personally care for, beautify, adorn, and improve the burial place of his dead would be abhorrent to many of the finer instincts of mankind. A rule that required that the work be of a certain character, conform to certain standards, or be done in a certain manner would not deprive him of that right, and would not, on that account, be unreasonable; but one that obliged him to forego the right of personal attendance or labor in marking or beautifying the spot that he had provided as the last resting place of those near to him in life, so long as he conformed to proper regulations, would be unreasonable. What he might do himself, he might rightfully do by another of his own choosing whom he might regard as more competent or capable. Any regulation that prohibited him from so doing would, we think, be unreasonable.

In *Silverwood v. Latrobe,* 68 Md. 620 (13 Atl. 161), it was held that an order intended to vest in the association the care and improvement of all lots in the cemetery could not prohibit an agent or servant of a lot owner from improving the lot under the owner's direction. In *Nicolson v. Daffin,* 142 Ga. 729 (83 S. E. 658), it was said that it would seem to pass beyond the region of legitimate regulation to require of a lot owner that he buy fertilizer from the commissioners and that no work would be permitted by a gardener of the owner's selection, however capable, and however properly the work might be done. In *Ex parte Adlof,* 86 Tex. Cr. Rep. 13 (215 S. W. 222), it was said that the right to enter the grounds for the purpose of burying the dead under reasonable regulations is accompanied by the right to care for the grave, subject to like reasonable regula-

tions; and this the owner might do, either in person or through the agency of another of his own selection; and the agent, being engaged in a lawful and harmless avocation, and performing an act which his principal had the lawful right to perform, could not be subjected to a penalty therefor. Upon the last propositions, see, also, *Wyeth v. Board of Health,* 200 Mass. 474 (86 N. E. 925). In *Johnston Cem. Assn. v. Parker,* 28 Misc. Rep. 280 (59 N. Y. Supp. 821), it was held that a regulation prohibiting lot owners from cutting grass and weeds on their lots was not a reasonable regulation. In *Graves v. City of Bloomington,* 67 Ill. App. 493, this language is found:

"Granting that the charter confers a private franchise, yet we think the use made of it must, necessarily, impress it with a public character in some degree. When lots are sold for burial purposes, the purchasers certainly acquire the right to visit the same and to improve and care for them. This may be done in person or by agent."

The following cases are to the same general effect: *Brown v. Hill,* 284 Ill. 286 (119 N. E. 977); *Rosehill Cem. Co. v. Hopkinson,* 114 Ill. 209 (29 N. E. 685); *Ritchey v. City of Canton,* 46 Ill. App. 185.

Cases may be found that are not in accord with this doctrine. *State v. Scoville,* 78 Conn. 90 (61 Atl. 63). There it was held that a regulation prohibiting any person from entering a cemetery at the instance of a lot owner, to cut or trim flowers or shrubbery, among other things, was reasonable. *Roanoke Cem. Co. v. Goodwin,* 101 Va. 605 (44 S. E. 769); *Cedar Hill Cem. Co. v. Lees,* 22 Pa. Sup. Ct. 405. In a later case in Pennsylvania, however, it was held that, where a cemetery company had acquiesced for many years in the exercise of the right of lot owners to employ private gardeners, a rule prohibiting such a practice would not be enforced; and the *Cedar Hill Cemetery Co.* case was distinguished. *Benson v. Laurel Hill Cem. Co.,* 24 Pa. Dist. 504.

We are not inclined to adopt a rule that would operate to deprive the living of the highly cherished privilege of personally performing or directing the labor of caring for and adorning the spot selected as the last resting place of the dead, so long as

what is done conforms to the reasonable rules prescribed by those in authority.

In so far as the decree of the court below determined that the provisions of Rule IX and so much of Rule XXI as required all foundations to be built by the company were unreasonable, it is right. The further provisions of Rule XXI relating to the specifications of foundations are not assailed as unreasonable, and, in fact, are not in question in this action. In this respect the decree should be modified.

Appellant is in no position to complain of the provision of the decree requiring appellees to notify an officer or the superintendent of the company before they enter upon work in the cemetery. This the company would doubtless have the right to provide for, by its rules. The decree may be modified in the respect indicated, in this or the lower court, as appellant may elect, and is otherwise affirmed.—*Modified and affirmed.*

ARTHUR, C. J., STEVENS and DE GRAFF, JJ., concur.