## FRANK B. SCOTT v. LAKEWOOD CEMETERY ASSOCIATION.[1]

April 30, 1926.

No. 25,272.

**Rule of cemetery association unreasonable.**

1. A lotowner in a public cemetery has the right to have the graves thereon cared for and decorated by persons chosen by himself, and a rule of the association requiring him to employ only employes of the association to do such work is unreasonable and an unlawful restriction upon his rights.

**Association may regulate character of work done in care and decoration of graves.**

2. The association may require that the improvements and decorations conform to the general plan for improving and beautifying the cemetery, be made by competent persons and comply with all reasonable rules regulating the character of the work and the manner of doing it.

[1]Reported in 208 N. W. 811.

Cemeteries, 11 C. J. p. 62 n. 6; p. 63 n. 7.

See notes in L. R. A. 1915E, 168; 32 A. L. R. 1406; 5 R. C. L. 244; 1 R. C. L. Supp. 1342; 4 R. C. L. Supp. 318.

Action in the district court for Hennepin county to enjoin defendant from enforcing certain rules relative to the care of graves in its cemetery. Judgment for plaintiff, Waite, J. Defendant appealed. Affirmed.

*Cobb, Wheelwright, Hoke & Benson,* for appellant.

*Sam J. Levy* and *Nathan H. Chase,* for respondent.

TAYLOR, C.

Defendant was incorporated as a public cemetery association in 1871 and has some 200 acres of land within the city of Minneapolis devoted to cemetery purposes. It sells and conveys burial lots to private persons. Thirty-eight thousand interments have been made in the cemetery and interments are being made at the rate of about 1,500 per year. Defendant has provided a permanent improvement fund of several hundred thousand dollars, the income from which is devoted to the maintenance, care and improvement of the cemetery as a whole but not to the ornamentation or decoration of individual lots or single graves. It laid out and is improving and beautifying the cemetery according to a fixed plan; and to secure conformity to this plan requires that all trees or shrubs planted therein shall be planted by its own employes of such varieties and in such locations as shall be approved by the superintendent.

For many years defendant has maintained and operated extensive greenhouses where lotowners at all times can secure at reasonable prices flowers, trees and shrubs for the purpose of decorating their lots, and keeps in its employ a sufficient number of skilled men to care for all lots and furnishes their services to all lotowners at reasonable prices. The planting of flowers on graves is not permitted, and many lotowners put them in vases or urns placed on their lots for that purpose. Many lotowners also thatch the graves on their lots with evergreen in the winter season.

In the spring of 1924, defendant adopted and put into force the following rules or regulations:

"Florists.

"No outside florist or gardener will be allowed to do any work within the cemetery, and florists' wagons will not be allowed to enter the gates except by special permission from the superintendent."

"Thatching Graves.

"It is customary with a large number of people to have the graves on their lots thatched with evergreens each fall. This work is done exclusively by the cemetery association at the following rates: Grave of person under 5 years of age $1.50. Grave of person over 5 years of age $2.00."

In 1919 plaintiff purchased a lot from defendant and buried his daughter thereon. Early in 1924 plaintiff employed Richard Wessling, a florist of the city of Minneapolis, to take care of an urn and its contents which he had placed on his lot and to thatch the grave of his daughter at Christmas time, the service to continue from year to year until the order was countermanded. Defendant cited the above rules and refused to permit Wessling to do this work. Thereupon plaintiff, asserting that the rules are arbitrary, unreasonable and an unlawful restriction upon his rights, brought this suit to enjoin defendant from enforcing them. The trial court held that the rules constituted an unlawful invasion of plaintiff's property rights and decreed that an injunction issue as requested. Defendant appealed.

It is conceded that Wessling is a skilled florist fully competent to do the work, and that he would do it in conformity to and as required by the rules and regulations of the association. The sole question presented is whether a lotowner who wishes to decorate and beautify his lot in a proper and permissible manner has the right to have the work done by a competent person of his own choosing, or whether the association has the right to prohibit him from employing anyone except its own employes to do such work.

While all courts recognize that cemetery associations may impose

and enforce reasonable rules and regulations in respect to the matter of caring for, improving and decorating the burial lots therein, the courts which have had occasion to consider the question are nearly unanimous in holding that a rule prohibiting a lotowner from having the work of decorating his lot done by a competent person of his own selection and requiring that such work be done by employes of the association is unreasonable and void.

In Chariton Cemetery Co. v. Chariton Granite Works, 197 Iowa, 403, 197 N. W. 457, 32 A. L. R. 1402, a rule providing that the work of grading and improving the lots and constructing the foundations for monuments should be done only by employes of the company was declared unreasonable and void. In the absence of any showing as to the character of the conveyance to the lotowner, the court assumed that he did not acquire the absolute fee but merely an exclusive right of sepulture subject to "reasonable rules as to the improvement and adornment of their lots."

Among other things the court said:

"Any rule of the company that would deprive him of the right to personally care for, beautify, adorn and improve the burial place of his dead would be abhorrent to many of the finer instincts of mankind. A rule that required that the work be of a certain character, conform to certain standards, or be done in a certain manner would not deprive him of that right, and would not, on that account, be unreasonable; but one that obliged him to forego the right of personal attendance or labor in marking or beautifying the spot that he had provided as the last resting place of those near to him in life, so long as he conformed to proper regulations, would be unreasonable. What he might do himself, he might rightfully do by another of his own choosing whom he might regard as more competent or capable. Any regulation that prohibited him from so doing would, we think, be unreasonable."

While the precise point here in question was not involved in Manswer v. Astoria, 100 Ore. 435, 198 Pac. 199, the authorities defining the regulatory powers of cemetery associations over their cemeteries and the rights of those who acquire burial lots therein

are exhaustively reviewed by the Oregon court and the conclusions deducible therefrom are carefully and clearly set forth. The court said, among other thing, that:

"A cemetery is not only a place where the living may bury their dead, but it is also a place where they may express their affection and respect for those dead by marking and decorating the place of interment."

After saying that the rights granted are subject to all reasonable rules and regulations established for the government of the cemetery, and that the authorities do not always agree as to what regulations are reasonable, the court said:

"The majority of the courts dealing with the question have ruled that a cemetery proprietor cannot by a rule, adopted after the sale of a lot for burial purposes, say to the purchaser that all improvements must be made by or under the supervision of the superintendent of the cemetery and that the purchaser cannot make the improvements in person or by his own agent."

In Ex parte Adlof, 86 Tex. Cr. 13, 215 S. W. 222, it is said:

"All expressions from the courts, as far as they have come to our notice, seem to recognize the fact that a cemetery is not only a place where the dead may be buried, but it is also one in which the living may give expression to their affection and respect of the dead by marking and decorating the place of interment and beautifying its surroundings. In other words, the right to enter the grounds for the purpose of burying the dead under reasonable restrictions and regulations is accompanied by the right to care for the grave subject to like reasonable regulations. * * * We believe that one having the right of sepulture, desiring to mark or beautify the grave * * * may exercise the privilege * * * either in person or through the agency of another of his own selection."

An ordinance prohibiting any person other than the lot owner or a relative of a person buried therein from doing such work was held unreasonable and void.

In Nicolson v. Daffin, 142 Ga. 729, 83 S. E. 658, L. R. A. 1915A, 168, the Evergreen Cemetery Company had conveyed a lot solely as a place for the interment of the dead and subject to all the rules and regulations then or thereafter adopted for the government of the cemetery. Thereafter the city of Savannah purchased the cemetery and placed it under the control of its park and tree commissioners who prohibited plaintiff from having work done on the lot by a florist and from placing fertilizer thereon unless purchased from the commision. The court said:

"The park and tree commission would have the right to pass any reasonable rule affecting the improvements in the lots; but it would seem to pass beyond the region of legitimate regulation to require of a lot-owner that she buy her fertilizer from the park and tree commission, and that no work would be permitted by a gardener of her selection, however capable, and however properly the work may be done. * * * Of course they could impose reasonable regulations respecting the time of work, and such other requirements as would tend to the protection of the cemetery and other lot-owners. In their resolution the commissioners arbitrarily refused to allow the plaintiff to employ any person for hire, irrespective of his competency to do the work and of the nature of the work to be done, and they undertook further to require that all material be furnished by them, as well as the necessary labor, and based their refusal on their ability to furnish cheaper service. We think the action of the board, as contained in their resolution, amounted to an arbitrary refusal to consent to the employment of any agent by the plaintiff to work upon her lot, or to the use of any material not purchased from the park and tree commission."

The commission was enjoined from enforcing the regulation.

City Council of Augusta v. Bredenburg, 146 Ga. 459, 91 S. E. 486, is cited as holding otherwise. The city owned and maintained a cemetery, and appointed a "cemetery brickmason and gravedigger." By ordinance all other persons were excluded from digging graves or constructing vaults. The court cited Nicolson v. Daffin, supra, as authority for the proposition that the certificates issued to

lotowners did not convey the fee but merely an easement which was subject to reasonable control and regulation, and held that the easement was subject to the above regulation and that the lower court erred in enjoining its enforcement. The court did not express any intention of departing from the holding in the Nicolson case in respect to work of the character involved in that case.

Roanoke Cemetery Co. v. Goodwin, 101 Va. 605, 44 S. E. 769, is also mentioned as holding otherwise. The plaintiff, a private cemetery association, did not execute formal deeds but issued a certificate to the purchaser entitling him "to own and occupy the lot specified, but only upon the terms and conditions prescribed by the company."

It was held that a regulation that all graves should be dug and refilled by the superintendent was valid and enforceable against one who purchased with knowledge of that regulation. The question of the right to beautify the grave was not involved or considered.

State v. Scoville, 78 Conn. 90, 61 Atl. 63, is also sometimes cited as holding otherwise. But the rule there in question simply prohibited the planting, cutting or trimming of herbage, or the doing of any other work for the improvement or adornment of the lots, "except by the consent and direction of the president or superintendent of said association."

It contained no provision that the work should be done by employes of the association or forbidding the lotowner from having it done by a person of his own selection. The court held the regulation valid saying that it "was presumably intended to serve the lawful purpose of enabling the association to secure the proper care and management of burial lots;" and saying further that it was not a case of an arbitrary refusal "to permit a lotowner, or one acting under his authority" to do the work, as it did not appear that any request for permission to do it had ever been made.

In Cedar Hill Cemetery Co. v. Lees, 22 Pa. Super. Ct. 405, a rule prohibiting all persons from "cutting grass, planting flowers, sodding and grading lots" for lotowners and reserving to the company "the right to do all such work" was sustained. But in Benson v. Laurel

Hill Cemetery Co. 68 Pa. Super. Ct. 242, a similar rule adopted after lotowners had long been permitted to employ persons of their own choosing to do such work was held to be unreasonable and its enforcement was enjoined. The opinion distinguishes the prior case, or attempts to do so, on the ground that the restrictions in the deed were different.

Other decisions showing the general trend of the authorities are Silverwood v. Latrobe, 68 Md. 620, 13 Atl. 161; Johnstown Cem. Assn. v. Parker, 28 Misc. 280, 59 N. Y. Supp. 821; Ritchey v. City of Canton, 46 Ill. App. 185; Graves v. City of Bloomington, 67 Ill. App. 493; Brown v. Hill, 284 Ill. 286, 119 N. E. 977.

The statute authorizes cemetery associations to "acquire and manage all real or personal property necessary or proper for the establishment, embellishment, care and management of a cemetery." G. S. 1923, § 7558. It also authorizes the trustees to sell and convey burial lots "upon such terms and subject to such conditions and restrictions as they shall prescribe;" and requires that, "every conveyance of any such lot shall be expressly for burial purposes and no other." G. S. 1923, § 7562.

The deed to plaintiff conveys the lot for burial purposes only and subject to the condition, "that the said premises and the use thereof shall, at all times, be subject to the rules, regulations, limitations and restrictions prescribed by said association."

Defendant insists that the powers conferred by the statute and the restrictions in the deed gave it the right to require that the work of decorating the lot should be done only by its own employes, and that the rule applied in other jurisdictions is not applicable here for that reason. We find no ground for such a distinction. In many of the cases cited the conveyance was subject to conditions which limited and restricted the rights of the lotholder to fully as great an extent as those imposed upon plaintiff.

Cedar Hill Cemetery Co. v. Lees, supra, is the only case to which our attention has been called in which a rule denying a lotowner the right to have his lot decorated and beautified by a person of his own selection has been sustained, and the same court in the later

case of Benson v. Laurel Hill Cemetery Co. supra, held that rule unreasonable and enjoined ·its enforcement. In the Virginia and Georgia cases, a rule requiring that the digging and refilling of graves shall 'be done only by employes of the association was sustained. In Ritchey v. City of Canton, 46 Ill. App. 185, however, it was held that such a rule could not be enforced against one who had purchased his lot before the rule was adopted.

The duty to maintain the cemetery in a sanitary condition may justify a requirement that graves be dug and refilled only by employes of the association, but that question is not involved in this case.

The work of digging and refilling the grave is done because necessary; the work of adorning it is done as an expression of regard and affection for the one there buried. Taking away the right to do the work of digging and refilling the grave would not violate the sensibilities of the lotowner like taking away the right to do the work of adorning it in after years. The right to bury his dead in the ground purchased for and devoted to that purpose has carried with it from time immemorial the right to give expression to his regard and affection for them by caring for, marking and decorating their final resting place, including the right to do such work either personally or through those selected by himself.

Of course the association may require that such work be of a character and be performed in a manner to conform to the general plan for improving and beautifying the cemetery, and may adopt and enforce such reasonable rules as may be necessary or proper to accomplish that object and to protect the cemetery and the lots, graves and decorations therein from injury. It may regulate the exercise of the rights possessed by the lotowner, but it cannot prohibit him from exercising the right to have his lot cared for and decorated by persons of his own choosing.

Judgment affirmed.

HOLT, J., took no part.