FRANK E. ORLOWSKI and Others, Plaintiffs, *v.* ST. STANISLAUS ROMAN CATHOLIC CHURCH SOCIETY, Defendant.

Supreme Court, Erie County, December 31, 1936.

*Dinah R. Rosenblatt* [*Adrian Block* of counsel], for the plaintiffs.

*James E. Kralisz*, for the defendant.

HARRIS, J. The defendant herein owns, maintains and conducts a cemetery located in the town of Cheektowaga, Erie county. This cemetery is of large acreage, contains some 60,000 odd graves, and is the principal burial place for persons who have died in the Roman Catholic faith and who during their lifetime resided in the western part of the State of New York and were of Polish birth or Polish descent.

The plaintiffs Orlowski and Kolis are undertakers. The plaintiff Kolis took no part in the trial. The plaintiff Orlowski, who took an active part in the trial, has acted as an undertaker at thousands of funerals in the cemetery of the defendant. The other plaintiffs divide into two groups, one a group who supply to the plaintiff Orlowski and to other undertakers certain matting for walks, artificial green grass for use at burials, and canopies or tents for the same purpose, and the other group being persons who have certain burial rights in the cemetery owned and conducted by the defendant.

The plaintiffs seek by this action to restrain the defendant from enforcing certain rules and regulations which the defendant has adopted for the conduct of its cemetery, and for damages which the plaintiffs claim arise out of the enforcement of such rules and regulations. The rules and regulations which the plaintiffs attack are best quoted as contained in a notice to the plaintiff Orlowski dated May 4, 1936, a copy of which is as follows:

" St. Stanislaus R. C. Cemetery
Office
Pine Ridge and Sugar Road

" Buffalo, N. Y., *May* 4, 1936.

" Frank R. Orlowski,
854 Clinton Street,
Buffalo, New York.

" Dear Sir: You are hereby informed that the St. Stanislaus R. C. Cemetery, beginning Monday, May 11, 1936, will reserve the right to provide grass, matting and tent for decoration of graves at burials.

" This means that no person or company will be permitted to use their own grass, matting or tent on the cemetery grounds for any purpose whatsoever.

" The above articles will be furnished by this cemetery only upon payment for the same on the day before the funeral. A special receipt will be issued at the cemetery office. Prices will be as follows: Grass, $5.00; Matting, $10.00; Tent, $10.00.

" Thanking you for your cooperation with the Cemetery Authorities in the past, and hoping that you will continue same in the future, we are,

" Very truly yours,
" ST. STANISLAUS R. C. CEMETERY
" Louis J. Borowiak
" *Sec'y.*"

Previous to the adoption of such rules and regulations and the sending of such notice the plaintiffs Orlowski and Kolis in the conduct of a funeral provided artificial grass, matting for walks, and tents for shelter of those at the funeral, either from such equipment owned by such undertakers, or from equipment rented to such undertakers by certain of the other plaintiffs above mentioned and conducting such business of furnishing supplies.

The defendant attacks the right of the plaintiffs to bring this suit in equity, but the court is of the opinion that the equity court is the forum in which this suit can and should be maintained. (*Tonella* v. *Fishkill Rural Cemetery,* 135 Misc. 81; see cases cited therein at p. 85.)

The plaintiffs herein attack the rules and regulations in question as being unreasonable, and cite on such contention certain cases which they claim hold that a cemetery may not make rules that interfere with the right of the owner or user of a burial lot or grave to maintain such lot or grave in such a manner as best suits him or her, to beautify, adorn and improve the resting place of beloved dead. The law is that this right to beautify, adorn and improve such a resting place cannot be interfered with by a cemetery unless such act leads to an encroachment on the property of others than that of the one who owns the immediate lot or grave. When such encroachment takes place, then the cemetery has a right to prescribe rules and regulations to protect its own property and that of those other than the one owner from trespass or damage. (*Tonella* v. *Fishkill Rural Cemetery, supra; Johnstown Cemetery Association* v. *Parker,* 28 Misc. 280; *Chariton Cemetery Co.* v. *Chariton Granite Works,* 197 Iowa, 403; 197 N. W. 457; *Scott* v. *Lakewood Cemetery Association,* 167 Minn. 223; 208 N. W. 811.)

In like manner the cemetery is under a duty and has a right to prevent any trespass upon the cemetery and its parts and any damage arising from such trespass. This duty and this right come from the fact that individuals interested in graves and lots are entitled to look to those conducting the cemetery for redress for permitting trespass. These rights and duties of those in charge of the cemetery may be guarded by the adoption for that purpose of rules and regulations that are reasonable. As a cemetery has the right to adopt rules and regulations for the conduct of the cemetery, providing such rules and regulations are reasonable, the decision on the merits of this action lies in whether or not the rules and regulations sought to be enforced by the cemetery are reasonable.

Proof before this court was in substance that undertakers conducting funerals in the cemetery, in conducting such funerals and using tents, matting and artificial grass and in placing such tents,

matting and artificial grass, were compelled to encroach upon cemetery property or upon graves and lots other than the grave or lot in which interment was being made by an undertaker. This encroachment from time to time caused damage in defendant's cemetery both to defendant's property and to the property of lot owners and grave owners other than the owner of the grave and lot in which interment was being made. The owners of the parcels which suffered such damage made complaint to the defendant.

At no time does an undertaker dig or fill any grave of the person whom he inters, and at all times the undertakers use lowering devices owned by the cemetery and pay for the use thereof and for the digging and filling in of graves. This practice of confining grave-digging and the provision of lowering devices to the defendant itself evidently was done to prevent trespass on parcels other than those being used for the then interment. It is the general practice in this State for cemeteries similar in size and type of the defendant's cemetery to enforce rules and regulations similar to the rules and regulations being attacked in this action.

After receiving complaints of trespass the rules and regulations under attack were adopted and promulgated by the defendant. As the plaintiff Orlowski, in refusing to obey such rules and regulations, appeared from time to time at the cemetery with matting, artificial grass and canopies of his own or provided by other plaintiffs and threatened to continue to do so, the defendant prohibited his entry into the cemetery with such equipment. At various times the gates of the cemetery had to be closed until such equipment was left outside such gates. At all such times on payment to the defendant of the fees indicated in the notice above recited, the plaintiff Orlowski was permitted to use the equipment provided by the cemetery. In contracting for a funeral the plaintiff Orlowski included in his charges to his customer the sum of ten dollars for which he says he furnished the service necessary to the funerals including the provision of artificial grass, matting and canopies when desired. He also provided caskets and coffins, and on the sale of each one of such articles to those desiring funerals he received a substantial profit, so it is fair to assume that that profit went some way to pay him for his service in addition to the ten-dollar charge. The charge required by the defendant for the use of such equipment is similar in amount to the charge of other large cemeteries in the vicinity of Buffalo. Possibly it could be moderated to the circumstances of certain ones using the cemetery, but it is not so large as to call for the conclusion that it is unreasonably large.

On the proofs herein the court is of the opinion that in view of the duties and rights laid upon those conducting a cemetery to protect the property of others in the cemetery, the rules and regulations which are under attack in this action are reasonable, and due to this the defendant is entitled to judgment dismissing the complaint herein.