## STEWART V. GILRUTH.

Where S., an employe in charge of a millinery store, had a small stock of millinery goods, which she proposed to sell to her employer at a certain fixed price, and which the evidence tended to prove he consented to take as they might be needed in the store—S. to keep an account of the same—and such goods were from time to time taken to the store, with the knowledge of the employer, and sold in the usual course of business, and the proceeds received by him, *held*, in the absence of any proof of fraud or concealment on the part of S., she was entitled to recover the agreed price for such goods, although the employer had never examined the goods or formally accepted them.

(Syllabus by the Court.     Opinion filed Jan. 27, 1896.)

Appeal from circuit court, Codington county.    Hon. A. W. CAMPBELL, Judge.

Action on account.    Judgment for plaintiff.    Defendant appeals.    Affirmed.

The facts are stated in the opinion.

*Bennett & Sheldon,* for appellant.

If an agent chooses to act in matters beyond his authority and in a way antagonistic to the interests of the principal and inconsistent with the duties imposed by the agency contract he cannot complain of resulting damages.    Konkey v. Bond, 36 N. Y. 427; Tisdale v. Tisdale, 64 Am. Dec; People v. Township, 11 Mich. 222; 1 Am. & Eng. Ency. Law, 375.

*Seward & Stover,* for respondent.

CORSON, P. J.    This is an action to recover the balance due on merchandise alleged to have been sold by plaintiff to the defendant.    Answer, general denial.    Verdict and judgment for plaintiff, and the defendant appeals.

The facts may be briefly stated as follows:    The plaintiff was employed in the millinery department of the defendant's business, and had charge of the same.    At the time plaintiff entered into the employment of defendant, she had millinery goods of the invoice value of $337.80, which she proposed to

the defendant to sell to him.   He replied, as she testifies, that he would take anything that he could use, as they might be needed in the business.   Plaintiff requested the defendant to go and see the goods, but he neglected to do so.   The plaintiff thereupon brought the goods from her home, from time to time, as they were needed; and they were all disposed of in the usual course of business, the same as the other goods in that department of the store.   The plaintiff further testified, in effect, that she had the original invoice made out by her at the time she quit business in St. Paul, and that all the goods specified in the invoice were taken by her to the store of defendant, and sold in the usual course of trade.   She further testified, "I called his attention to the fact that I was delivering the goods, and I brought them all summer, just as we needed them."   She further states that Mr. Gilruth requested her to make a memorandum, and keep an account of the goods.   She further states that she informed Mr. Gilruth that she would make a discount of $37.80 on the invoice price, to which he seemed to assent. The plaintiff, after making a discount of $37.80 from the invoice price, and deducting $95 paid on account of the goods by the defendant, claims the balance due.   There is some conflict in the evidence, but the jury having passed upon the same, and found a verdict for the plaintiff, upon what seems to be ample evidence to support the verdict, if the testimony of the plaintiff is to be taken as true, this court will not disturb such verdict unless there are errors of law in the record.   The first five assignments of error relate to the insufficiency of the evidence to support the verdict, but, as we hold that there was sufficient evidence, a further discussion of these assignments is unnecessary.

The sixth assignment is that the court erred in permitting the plaintiff to read from the invoice a list of the articles she delivered.   She had stated that she had placed in the stock of defendant all the goods described in the invoice, which she made herself at the time she closed out business in St. Paul,

but that she could not give the name of every article, except by reference to this invoice. The invoice having been made by herself, it was proper for her to refer to it in giving her evidence, to refresh her recollection as to the names of the various articles delivered or placed in the store by her, and their invoice price. Greenl. Ev. §§ 436-438.

The seventh assignment is that the court erred in refusing to give the following instruction on the request of the defendant: "You are instructed that if you find the plaintiff furnished and delivered to the defendant, and received by her at the store, the goods claimed by her to have been sold to him and that she was at the time in the defendant's employ, but that the defendant did not expressly authorize her to charge the goods to defendant, your verdict must be for the defendant." If, as claimed by the plaintiff, the defendent agreed to take the goods if he could use them, or such as he could use, as they were needed, and the plaintiff placed them in the stock from time to time as they were needed, and they were sold, and the proceeds received by the defendant, it was not necessary that there should be an express authority to charge the goods to the defendant. And if, as testified to by the plaintiff, she delivered the goods, and used them in the course of defendant's business, with his knowledge and consent, the law would raise an implied promise to pay for them, without an express authority to charge the goods to him. In either view, the instruction did not correctly state the law, and was therefore properly refused.

The two following instructions given by the court were excepted to: "I say to you, as a matter of law, in order for the plaintiff to recover in this case, it will be necessary for her to prove * * *, or that she took them [the goods] and put them in the stock with his [defendant's] knowledge, and without objection on his part." "If she has established these facts by a preponderance of the evidence in this case, you shall find for the plaintiff, and give her a verdict for all that the goods were reasonably worth." The principal objection to these in-

structions is based upon the proposition of counsel, stated as follows in their brief: "The plaintiff, Stewart, was in the employ of the defendant, as a saleswoman in the millinery department of his store, at the time of the alleged sale of the goods to her employer. Her position was such that the law would not permit of her acting for herself and her principal, the appellant, in the same transaction. Fidelity in the agent is what is aimed at, and, as a means of securing it, the law will not permit the agent to place himself in a situation in which he may be tempted, by his own private interest, to disregard that of his principal. Mechem, Ag. Sec. 455." The rule here contended for is a salutary one, and, in all proper cases, should be rigidly enforced. But, in the view we take of this case, this rule is not applicable. There was no concealment of the fact that she was the owner of the goods, and no fraudulent representations, so far as the record discloses, of any fact pertaining to them. There is no rule of law preventing an agent from transacting business with his principal, if he acts in good faith, and the principal is fully advised of all the facts. The doctrine contended for is only applicable to transactions with an agent who in some manner deceives or misrepresents the facts to his principal. Thus, in the case of Conkey v. Bond, 36 N. Y. 427—a leading case upon this subject—the court held that an agent, under general authority to purchase stock in a corporation, could not buy from himself without the knowledge or assent of his principal.

In that case the agent fraudulently transferred to the principal his own stock, representing to him that he had purchased it for him from another party, and also represented to his principal that the stock was very valuable, and that he would not sell his own stock for the price he was getting the stock for his principal. In that action, which was brought by the principal to rescind the sale, the court of appeals of New York says: "The plaintiff was induced to purchase, at an extravagant premium, stock of the value of which he was ignorant, on the

mistaken representations of the defendant, who professed to have none which he was willing to sell. This assurance very naturally disarmed the vigilance of the respondent, and he availed himself of the defendant's offer by authorizing him to buy at the price he named. The defendant did not buy, but sent him a certificate for the amount required; concealing the fact that he had not acted under authority, and that the stock trassferred was his own. There is no view of the facts in which the transaction can be upheld. He stood in a relation to his principal which disabled him from concluding a contract with himself without the knowledge or assent of the party he assumed to represent. He undertook to act at once as seller and as purchaser. He bought as agent, and sold as owner. The *ex parte* bargain thus concluded proved advantageous to him, and very unfortunate for his principal. It was the right of the latter to rescind it on discovery of the breach of confidence. It is not material to inquire whether the defendant had any actual fraudulent purpose. The making of a purchase from himself, without authority' from the plaintiff, was a constructive fraud, in view of the fiduciary relation which existed between the parties. In such a case the law delivers the agent from temptation by *presumptio juris et de jure,* which good intentions are unavailing to repel." See, also, Conkey v. Bond, 34 Barb. 276, and authorities there cited. But in the case at bar the defendant was fully advised of all the facts, and seems to have placed confidence in the plaintiff to use the goods in his business as they should be needed, and to keep an account of the same. The defendant having, with a knowledge of all the facts, authorized the plaintiff, as she testifies, to furnish the goods, and received the proceeds of their sale, he cannot now be permitted to retain the proceeds without paying for the goods so furnished by her. We have taken the plaintiff's theory of the case, as the jury were authorized to believe her evidence and base their verdict upon it, as they evidently did do. No fraud, concealment, or misrepresentations were shown on the part of the

plaintiff, and the rights of the defendant were carefully guarded by the instructions of the court. Finding no error in the record, the judgment of the circuit court is affirmed.