# FIRST NATIONAL BANK OF GRAND FORKS *v.* ANDERSON.

ERROR TO THE SUPREME COURT OF THE STATE OF NORTH DAKOTA.

No. 223.    Submitted January 3, 1899. — Decided January 23, 1899.

The motion in this case to dismiss or affirm was founded upon the allegation that the judgment of the Supreme Court of the State rested on two grounds, one of which, broad enough in itself to sustain the judgment, involved no Federal question. This court, while declining to sustain the motion to dismiss, holds that there was color for it, and takes jurisdiction of the motion to affirm.

A national bank which, being authorized by the owner of notes in its possession to sell them to a third party, purchases them itself and converts them to its own use, is liable to their owner for their value, as for a conversion, even though it was not within its power to sell them as the owner's agent.

THIS was a motion to dismiss or affirm. The case is stated in the opinion.

*Mr. Henry W. Phelps* for the motion.

*Mr. Burke Corbet* and *Mr. W. E. Dodge* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was an action at law brought by Anderson against the First National Bank of Grand Forks, North Dakota, in

the District Court for the First Judicial District of North Dakota, to recover the balance of the value of certain notes belonging to Anderson, which he alleged the bank had converted.

The notes amounted to seven thousand dollars, secured by mortgage, and had been endorsed, and the mortgage assigned, to the bank as collateral security for a loan of two thousand dollars, and Anderson had authorized the bank to sell the notes to a third party, take up the loan, and remit the balance. But, instead of doing this, the bank, according to Anderson, had undertaken to purchase the notes itself, and had not accounted for their value.

The cause was tried four times, and four times carried to the Supreme Court of North Dakota. 4 Nor. Dakota, 182; 5 Nor. Dakota, 80, 451; 6 Nor. Dakota, 497. On the fourth appeal a judgment in favor of Anderson was affirmed by the Supreme Court, and this writ of error to revise it was allowed, which defendant in error now moves to dismiss, or, if that motion is not sustained, that the judgment be affirmed.

By exceptions to the admission of certain testimony, taken on trial, and by the assignment of errors in the Supreme Court, plaintiff in error raised the point that, under the statutes of the United States in respect of national banks, it was not within its power to become the agent of defendant in error to sell the notes in question to a third person; and not within the power of its cashier, who conducted the transaction, to bind the bank by such contract of agency.

On the third appeal, 5 Nor. Dakota, 451, the Supreme Court ruled that " when a national bank holds notes of its debtor as collateral to his indebtedness to the bank, it may lawfully act as agent for him in the sale of such notes to a third person, such agency being merely incidental to the exercise of its conceded power to collect the claim out of such collateral notes." But further, that even though the act of agency were *ultra vires*, yet if the bank, instead of selling the notes to a third person, had, without the owner's knowledge, sold them to itself, it would be guilty of conversion, and could be held responsible therefor. As to the cashier, the court held that on the

pleadings and facts in the case, his act was the act of the bank.

The Supreme Court in its opinion on the fourth appeal, 6 Nor. Dakota, 497, 509, among other things, said: "The question of *ultra vires* has been already discussed in a previous opinion. See 5 Nor. Dakota, 451. We have nothing to add on that point. The recent decision of the Federal Supreme Court cited by counsel for appellant, *California Bank* v. *Kennedy*, 167 U. S. 362, does not appear to us to call for any change of our former ruling on this question. What we said in our opinion on the third appeal on the subject of the authority of the cashier to bind the defendant by creating the relation of principal and agent between plaintiff and defendant is still applicable to the case on the record now before us. In its answer and the brief of its counsel the defendant admits that the writing of the letters referred to was its act and not the act of an unauthorized agent. By its own pleading and admissions it has precluded itself from raising the point that the cashier had no power to bind it by agreeing that the bank would act as agent for the plaintiff."

The argument urged in support of the motion to dismiss is, principally, that the judgment of the state Supreme Court rested on two grounds, one of which, broad enough in itself to sustain the judgment, involved no Federal question.

This contention is so far justified as to give color to the motion, although, under our decision in *Logan County National Bank* v. *Townsend*, 139 U. S. 67, we must decline to sustain it, while, at the same time, that case affords sufficient authority, if authority were needed, for an affirmance of the judgment.

There, bonds had been sold and delivered to a national bank at a certain price, under an agreement that the bank would, on demand, replace them at that or a less price; and the bank had refused compliance. In an action against the bank, its defence was in part that by reason of want of authority to make the alleged agreement and purchase, it could not be held liable for the bonds on any ground whatever. It was decided, however, that the national banking act did not give

a national bank an absolute right to retain bonds coming into its possession by purchase under a contract which it was without legal authority to make, and that although the bank was not bound to surrender possession of them until reimbursed to the full amount due to it, and might hold them as security for the return of the consideration paid, yet that when such amount was returned, or tendered back to it, and the return of the bonds demanded, its authority to retain them no longer existed; and, from the time of such demand and its refusal to surrender the bonds to the vendor or owner, it became liable for their value on grounds of implied contract, apart from the original agreement under which it obtained them.

Here, the bank was found to have itself purchased notes, which the owner had authorized it to sell to a third party, and, on general principles of law, it was held liable for their value as for a conversion, even though it was not within its powers to sell them as the owner's agent.

We are of opinion that the Supreme Court of North Dakota committed no error in the disposition of any Federal question, and its judgment is

*Affirmed.*