## DURAND et al. v. PRESTON.

Assignments of error to rulings on admission of evidence, not being referred to in appellant's brief, are deemed abandoned.

The court, trying the case without a jury, being presumed to have rendered its decision on only the material and proper evidence, its reception or rejection of immaterial evidence, there being sufficient material evidence in the case to sustain the findings and judgment, is unavailing on appeal.

Unless there is a clear preponderance of the evidence against them, findings on conflicting evidence will not be disturbed on appeal.

The duty of an agent to act with entire good faith and loyalty for the interest of his principal in all dealings concerning or affecting the subject-matter of the agency applies to an agent to find a purchaser for real estate, and obligates him to secure for his principal the highest price he can obtain.

An agent to sell property may not himself become the purchaser without the knowledge or consent of the principal.

One having by virtue of his agency to rent and care for property acquired knowledge of its true value, and then obtained an agency to sell it for a less amount, representing that that was all it was worth and all that could be obtained for it, and then bought it for himself, taking title in the name of another, and then sold it to a third person for its true value, is accountable to his principal for the excess.

(Opinion filed, October 4, 1910.)

Appeal from Circuit Court, Beadle County. Hon. CHARLES S. WHITING, Judge.

Action by Celia C. Durand and others against Will S. Preston. Judgment for plaintiffs. Defendant appeals. Affirmed.

*W. A. Lynch,* for appellant.   *Gardner, Fairbank & Churchill,* for respondents.

McCOY, J.   In this case the plaintiffs, the respondents, claim: That they were the owners of certain real estate situated in Beadle county.   That defendant, the appellant, was the agent of plaintiffs for renting and looking after and caring for said property for plaintiffs.   That defendant in October, 1904, wrote plaintiffs that he could make a sale of said lands for $2,800, and that that sum was all said land was worth, and that the same could not be sold for more than that amount.   The plaintiffs accepted the said proposition of defendant, and notified defendant that he was authorized to make a sale of said lands for plaintiffs for the sum of $2,800—$800 cash, $2,000 on time secured by mortgage on said land, defendant to receive $100 commission for such sale.   In November following defendant reported to plaintiffs that he had made a sale of said lands for $2,800 on the terms agreed to, and mailed plaintiffs a deed, with the name of the grantor in blank, but requested plaintiffs to fill in the name of defendant, if they did not desire to execute a deed with the name of the purchaser in blank.   This deed plaintiffs returned to defendant, not desiring to execute the same.   Defendant then mailed plaintiffs a deed containing the name of S. J. Pruner as grantee.   That this deed in December, 1904, plaintiffs executed and sent to the First National Bank of Huron to be delivered to Pruner upon his paying to the bank for plaintiffs $700 in cash, and delivering a note and mortgage for $2,000 to be sent to plaintiffs.   That said deed remained in said bank uncalled for until the 13th day of April following, when the same was taken up by the defendant.   That on the 1st day of April, 1905, Pruner, who is a brother-in-law of defendant, conveyed said land by deed to defendant, and on the 29th day of April, 1905, defendant sold and conveyed said land to one Lampe for $3,600.   The plaintiffs claim that the said sale of said land by defendant to Pruner was not a bona fide sale, but was a fraud and subterfuge and a device for deceiving the plaintiffs; that defendant was the real purchaser himself of said lands; that Pruner never paid any of the consideration therefor, but that defendant himself

was the real purchaser and furnished all the money consideration used in the transaction; and that the deed was only taken in the name of Pruner, for the purpose of deceiving plaintiffs. Plaintiffs claim that in October, 1904, the said land was worth $3,600, but which fact was unknown to plaintiffs, who were not residents of this state, and who were unacquainted with the true value of said lands, but relied upon the defendant as their agent to inform them concerning such value. Plaintiffs did not know of and never consented that defendant, their agent, should purchase said lands himself, but were misled and deceived by defendant into believing that said land was only worth $2,800, when in fact it was worth $3,600, the amount for which defendant sold the same to Lampe, and that by reason of such fraud and deceit defendant has defrauded them out of $800. This suit was brought to recover from defendant the said $800 and interest. Defendant denied all fraud and deceit, and maintained and contended that the transaction with Pruner was a valid and bona fide sale. Findings and judgment were in favor of plaintiffs. The defendant appeals, assigning many errors in the reception and rejection of testimony, and also urging by many assignments that the evidence is insufficient to sustain the findings and judgment. None of the assignments of error relating to the reception or exclusion of evidence are referred to in appellant's brief, and are therefore deemed abandoned under a well-established rule of this court. In any event such assignments of error, relating to the reception and exclusion of testimony, would be unavailing to appellant, as the trial court, where the cause is heard before the court without a jury, is presumed to have rendered decision on only the material evidence in the case, excluding all immaterial and improper testimony, and, where there is sufficient material evidence remaining in the case sufficient to sustain the findings and judgment, the reception or rejection of immaterial evidence would be unavailing on appeal.

The appellant strenuously urges that the evidence is insufficient to sustain the findings and judgment. The court found that the alleged sale of said land to S. J. Pruner, the brother-in-law of defendant, was a subterfuge and fraud, and made for the purpose

of deceiving the plaintiffs and covering up the real sale of said land to the defendant, and that this defendant was the real purchaser of said land from the plaintiffs without their knowledge or consent; that the defendant acted in bad faith toward his principal, these plaintiffs, in the sale of said lands, and deceived plaintiffs as to the price which he could secure for said land, and deceived said plaintiffs as to the facts of said sale, and as to the real purchaser of said land; and that by said deceit and fraud this defendant obtained possession of said land for $2,840 and resold the same at a profit of $760, which defendant retained in addition to the commission of $100. While there is some conflict in the evidence, still we are of the opinion that there was ample evidence in the case sufficient to justify and support the findings and judgment. The evidence is lengthy, and consists of much written correspondence and oral testimony of the parties, and it would serve no useful purpose to reproduce the same in this decision. It has been well settled by this court in many former decisions that where the evidence is conflicting, unless there is a clear preponderance of evidence against the findings of the trial court, this court will not disturb such findings. The agency of defendant was twofold. He was agent for renting and looking after plaintiffs' property and also agent to find a purchaser, and in either class of agency he owed to his principal the same obligations of good faith. By virtue of his agency to rent and care for plaintiffs' property defendant acquired information as to its true value. The relation of an agent to his principal is ordinarily that of a fiduciary, and, as such, it is his duty to act with entire good faith and loyalty for the furtherance and advancement of the interest of his principal in all dealings concerning or affecting the subject-matter of his agency. Clark & Skyles, Agency, § 404; 31 Cyc. 1430. And this rule is just as applicable to an agent whose duty it is to find a purchaser for the real estate of his principal as any other. Such an agent owes to his principal the obligation of securing for the principal the highest price he can obtain for such property. Under the findings of the trial court, the only real purchaser defendant ever

found for plaintiffs' land was Lampe. Whatever transaction took place between defendant and Pruner was voidable, under the circumstances of such findings, and of no effect as against the plaintiffs, unless, after knowing the facts, plaintiffs ratified the transaction. When defendant obtained by means of such fraud and deceit the deed from plaintiffs in the name of Pruner, but for his own use and benefit, after Pruner conveyed the land to defendant, defendant became the trustee of plaintiffs, and was bound to account to plaintiffs for said lands or the proceeds thereof as a trustee. As a general rule, it is a breach of good faith and loyalty to his principal for an agent, while the agency exists, to so deal with the subject-matter thereof, or with information acquired during the course of the agency, as to make a profit out of it for himself in excess of his lawful compensation, and, if he does so, he may be held as a trustee and be compelled to account to his principal for all profits acquired by him in such dealings, whether in performance or in violation of his duties, and be required to transfer them to his principal upon being reimbursed for his expenditures for the same, unless the principal has consented to or ratified the transaction with knowledge that a benefit or profit would accrue or had accrued to the agent. 31 Cyc. 1434; Clark & Skyles on Agency, §§ 404, 405, 406; sections 1618, 1619, Civ. Code. The agent, to sell his principal's property, cannot himself become the purchaser thereof without the knowledge or consent of the principal. Clark & Skyles on Agency, § 407; 31 Cyc. 1437; Stewart v. Gilruth, 8 S. D. 181, 65 N. W. 1065; Anderson v. Bank, 6 N. D. 497, 72 N. W. 916; Id., 5 N. D. 80, 64 N. W. 114, affirmed in 172 U. S. 573, 19 Sup. Ct. 284, 43 L. Ed. 558; Bank v. Simons, 133 Mass. 415; Story on Agency, § 211; Mechem on Agency, § 401; Tyler v. Sanborn, 128 Ill. 136, 21 N. E. 193, 4 L. R. A. 218, 15 Am. St. Rep. 97.

Finding no error in the record, the judgment of the circuit court is affirmed.

WHITING, J., took no part in this decision.