UNION GARAGE COMPANY, RESPONDENT, v. SAMUEL WILNER ET UX., APPELLANTS.

Submitted February 9, 1925—Decided March 16, 1925.

1. *Pamph. L.* 1912, *p.* 388, § 20, provides, every material allegation of fact in a pleading, which is not denied by the adverse party, is deemed to be admitted, unless the adverse party avers, &c.
2. On appeal, only errors pointed out by an exception to a ruling of the trial court will be considered.
3. Where the question at issue arises upon uncontroverted proofs, the question is one for the court and not for the jury.

On appeal from the Middlesex County Circuit Court.

For the appellant, *Jacob S. Karkus* and *John E. Toolan.*

For the respondent, *Emil Stremlau* and *John A. Coan.*

The opinion of the court was delivered by

BLACK, J. The trial of this case resulted in the direction of a verdict for the plaintiff for $859.80 by the trial court.

The meritorious question involved therefore is, Was that ruling of the trial court error? The cause of action, as stated in the complaint, is to recover $704.16, the balance

alleged to be due under an agreement for the sale and delivery of an Oldsmobile three-quarter-ton truck chassis. The defendants, in the answer, admit the making of the contract for the sale and the delivery of the automobile truck. The answer does not deny that the truck delivered was an Oldsmobile three-quarter-ton truck chassis, although, the answer does state, it was not the kind of truck called for by the contract.

The appellant files five grounds of appeal. The first four involve the ruling of the trial court in directing a verdict for the plaintiff, which is the only meritorious question in the case. The fifth, alleged error by the trial court in striking out an answer to a question put to a witness by the appellant's counsel.

The first point argued by the appellants in the brief is that it was error for the trial court to direct a verdict in favor of the plaintiff, because there is some evidence tending to show that the Oldsmobile truck, as delivered, was not a three-quarter-ton truck. The answer to this is, that fact was not denied in the answer. *Pamph. L.* 1912, *p.* 388, § 20. The Practice act provides, every material allegation of fact in a pleading, which is not denied by the adverse party, is deemed to be admitted, unless the latter avers that he has no knowledge or information thereof sufficient to form a belief.

The next answer is, there is no exception taken to the ruling of the trial court in directing a verdict in favor of the plaintiff. *Kargman* v. *Carlo,* 85 *N. J. L.* 632; *Thibodeau* v. *Hamley,* 95 *Id.* 180.

The only other point shown by the record is the striking out, by the trial court, the answer of a witness, Samuel Wilner, that the truck delivered was not a three-quarter ton truck car. This was stricken out by the trial court on the ground that the witness had no knowledge on the point, whether so or not, for the reason stated above, the evidence was immaterial. This was not error.

There is no evidence tending to show the automobile truck delivered was different from that contracted for.

Conflicting testimony always raises a jury question. *Dickinson* v. *Erie Railroad Co.,* 85 *N. J. L.* 586. But where the question at issue arises upon uncontroverted proofs, as in this case, the question is one for the court and not for the jury. *Keeney* v. *Delaware, &c., Railroad Co.,* 87 *Id.* 505.

This disposes of all the points involved on the appeal.

Finding no error in the record the judgment of the Middlesex Circuit Court is affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 16.

*For reversal*—None.