(No. 21796.—

THE PEOPLE *ex rel.* Euliss Shireman Paxton, Appellee, *vs.*
THE BLOOMINGTON CEMETERY ASSOCIATION, Appellant.

*Opinion filed October 21, 1933.*

WILLIAM R. BACH, for appellant.

OTTO KERNER, Attorney General, J. J. NEIGER, WAITE, SCHINDEL & BAYLESS, COSTIGAN & WOLLRAB, and R. C. DEMANGE, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

An information in the nature of a *quo warranto* was filed by the Attorney General in the circuit court of Mc-Lean county on the relation of Euliss Shireman Paxton against the Bloomington Cemetery Association, a corporation. Defendant filed two special pleas, to which demurrers were sustained. Defendant stood by its pleas and declined to plead further. The court entered an order assessing a fine of one dollar and ousting the corporation exercising the powers complained of. From that judgment defendant has prosecuted an appeal.

The petition for leave to file the information, as well as the information itself, charges that defendant is unlawfully exercising the powers of buying, selling and dealing in grave-boxes and vaults for profit; that it has unlawfully adopted and is enforcing a rule forbidding the use of grave-

boxes or vaults except those purchased from defendant; that it is obstructing and preventing burials in grave-boxes or vaults not acquired from defendant; that it is preventing the excavation of a grave and the burial in relator's burial lot in said cemetery of the body of Ina Shireman while enclosed in a grave-box or vault not acquired from defendant; that it has been, and is, enforcing such rule against others with burial rights and has notified the undertakers of the cities of Bloomington and Normal of its intention to adhere to its enforcement; that said cities are contiguous and have an aggregate population of 35,000; that they are served with two cemeteries lying within the corporate limits of the city of Bloomington, one of which is owned by the city and the other by defendant; that the burial area in the cemetery owned by the city is nearly all occupied by graves; that burials are by ordinance limited to interments in established cemeteries; that there are more than eight corporations and persons in the cities of Bloomington and Normal engaged in the undertaking business and dealing in grave-boxes and vaults; that such dealers are property owners and taxpayers in said cities; that the enforcement of said rule restricts competition, tends to give defendant a monopoly and deprives lot owners of the right to use grave-boxes or vaults made by themselves or purchased from others than defendant.

The pleas allege that 13,000 persons have been buried in defendant's cemetery and that defendant has kept full and accurate records thereof, preventing all interments except such as it, alone, makes; that for upwards of forty years it has handled, and sold at reasonable prices to lot owners, concrete vaults for the purpose of interment, and the net proceeds of such sales and all moneys received from all other sources are applied to the maintenance and operation of the cemetery; that all rights of interment in the cemetery are obtained by purchase, evidenced by uniform written instruments granting such rights to the grantee

and his heirs, subject to the act of incorporation and the by-laws, rules and regulations made or to be made in conformity therewith; that on May 23, 1931, it adopted a written rule forbidding all interments except in grave-boxes and vaults furnished by it; that the furnishing of grave-boxes and cemetery vaults in its own cemetery is necessary to its protection and preservation and is a necessary incident to its business under its charter. The second plea admits that defendant refused permission to inter Ina Shireman because the persons in charge of her remains declined to purchase from defendant a cemetery box or vault for her burial.

The errors assigned by defendant are that the judgment is erroneous and contrary to law; that the court erred in finding that defendant had usurped powers not granted to it or necessarily incident thereto; that the court erred in holding that an information in the nature of a *quo warranto* would lie in this case to redress a private wrong, and that the judgment is in violation of constitutional provisions. The last assignment of error is not argued and is therefore waived. *People* v. *Cobb,* 343 Ill. 78.

At common law the writ of *quo warranto* was a prerogative remedy used only for the correction of public wrongs, but it has by statute been succeeded by the information in the nature of a *quo warranto,* which may be used to enforce the rights of private individuals as well as those of the public. *People* v. *Crowe,* 327 Ill. 106.

Defendant was incorporated by a special act of the General Assembly in the year 1857. Sections 4, 5, 7 and 10, which are the only portions of the act pertinent to this controversy, provide:

"Sec. 4. All real estate, whether purchased or taken as stock, shall be conveyed to said company for the purposes hereinafter named.

"Sec. 5. The object of said association shall be exclusively and solely to lay out and enclose and ornament a plat

or piece of ground not to exceed one hundred acres as aforesaid, to be used as a burial place to which, if thought best, may be added a floral garden by said association, and said piece of ground so held and platted shall be exempt from taxation and execution.

"Sec. 7. Said association shall have the power to sell and convey any portion of the land or lots in said burial ground for the purpose of a burial place. The evidence of title to the purchaser shall be a certificate signed by the secretary of the association as such.

"Sec. 10. One-fourth of all moneys received from the sale of ground for the purposes aforesaid shall be expended in improving and ornamenting said ground so laid out as aforesaid, the balance to be paid to the stockholders."

Defendant acquired certain land for cemetery purposes, platted it and has sold a large number of lots. In 1906 Willis Shireman purchased one of the lots. He and two of his children are buried there. His widow, Ina Shireman, died in Ohio in February, 1932. A casket and metallic grave-box were purchased and her body was shipped in them to Bloomington for burial. Defendant denied permission to use the metallic grave-box and to allow burial in relator's lot except in a concrete grave-box to be purchased from defendant. The relator, who is a daughter of Willis and Ina Shireman, offered to pay defendant its customary charges for excavating the grave but refused to purchase and use one of defendant's cement grave-boxes.

It is contended that defendant's action was justified because the powers granted by its charter embrace not only the establishment and maintenance of a cemetery, but also every function directly and incidentally or impliedly connected with burials, including the right to prepare or furnish the vaults or tombs in which such burials are made. The right to bury carries with it the right to do so according to the usual custom in the neighborhood. (*Brown* v. *Hill,* 284 Ill. 286.) The sale of a lot in a public cemetery does not

pass the title in fee but assures to the grantee an easement for burial purposes so long as the ground is used for a cemetery, and this easement passes to the grantee's family at his death. (*Brown* v. *Hill, supra; McWhirter* v. *Newell,* 200 Ill. 583.) After one has purchased a lot in a cemetery the managers have no power to abridge his right to sepulture by any unreasonable limitation. (5 R. C. L. "Cemeteries," 246.) The exclusive and sole object of the defendant association, as expressed in its charter, is to lay out, enclose and ornament a plat or piece of ground to be used as a burial place. Manifestly, the right to exercise the powers complained of is not expressly included in the grant. If defendant has a right to exercise them it is because they are necessarily incidental to or implied by the powers granted. (*People* v. *Illinois Central Railroad Co.* 233 Ill. 378; *People* v. *Pullman Car Co.* 175 id. 125.) The right to furnish a place for burial includes the right to prescribe reasonable rules and regulations relative to burial, but the incidental right cannot be said to include any right not granted or reasonably contemplated by charter or contract. If defendant has the power to prohibit a burial in its cemetery in a vault or box other than one furnished by it, it can be said with equal force that it has the right to limit the use of caskets and other funereal vestments to such as it saw fit to furnish. It has long been the custom to deposit the bodies of deceased persons in funereal vestments furnished by the relatives or friends of the decedent, including not only the clothing but the casket in which the body is placed in the grave, and they always have been considered as incidents of burial. The right of exclusive sale of grave-boxes is not a necessary incident to the powers expressly granted by the association's charter, nor does it appear how the furnishing of a vault or box by the defendant is either necessary or advantageous to the cemetery except as a means of revenue. The written rule forbidding the use of grave-boxes or vaults except those furnished by

defendant was not in force when the Shireman lot was purchased. It was not adopted until May 23, 1931. The rights of burial were conferred upon the grantee and his heirs by the certificate or deed without any reservation or condition for furnishing grave-boxes. The rule is in derogation of the grant in the deed and is invalid. *Mansker* v. *Astoria,* 100 Ore. 435, 198 Pac. 199; *Silverwood* v. *Latrobe,* 68 Md. 620, 128 Atl. 161.

In *Chariton Cemetery Co.* v. *Chariton Granite Works,* 197 Iowa, 403, 197 N. W. 457, it was held that a regulation of a cemetery company forbidding any excavation of lots or placing of foundations for monuments except by its own employees is unreasonable. In *Scott* v. *Lakewood Cemetery Ass'n,* 167 Minn. 223, 208 N. W. 811, it is held that a public cemetery association may require improvements and decorations to conform to the general plan for improving and beautifying the cemetery, but that a lot owner has the right to have the graves thereon cared for and decorated by persons chosen by himself. A rule of the association requiring him to employ only employees of the association to do such work was held unreasonable and an unlawful restriction upon his rights.

The rule adopted by defendant to prevent the use of grave-boxes or vaults except those furnished by it is an unreasonable abridgment of the rights of lot owners. The fact that the income from such sales is devoted to the maintenance of the cemetery and that defendant has been engaged in handling and selling grave-boxes and vaults for upwards of forty years does not and cannot enlarge the powers granted to defendant by its charter.

The judgment of the circuit court is correct and is therefore affirmed. *Judgment affirmed.*