RALPH ELNOR JOHNSON, Appellant, v. CEDAR MEMORIAL PARK CEMETERY ASSOCIATION, a corporation, Appellee.

No. 45344.

DECEMBER 10, 1940.

J. M. Tallman and Geo. C. Claassen, for appellant.

E. A. Johnson, for appellee.

RICHARDS, C. J.—Plaintiff's petition averred: That defendant is an Iowa corporation for profit, engaged in the business of purchasing, platting and developing tracts of land for cemetery purposes, and of selling lots in the cemetery for burials; that on April 8, 1939, plaintiff purchased from defendant a lot in Cedar Memorial Park Cemetery, and holds a deed from defendant for said lot and is the owner thereof; that on April 27, 1939, plaintiff buried his deceased wife on said lot; that plaintiff purchased a granite marker and had same lettered for his wife's grave; that on July 12, 1939, defendant removed said marker from said cemetery and transported and left same

upon the property of one Anderson in Cedar Rapids; that defendant refused to permit plaintiff to set said marker at said grave. The foregoing averments of the petition were admitted in defendant's answer. The general denial in the answer traversed the following matters contained in the petition: namely, that the marker had been set at said grave on July 10, 1939, by order and help of plaintiff; that the removal of said marker by defendant from said lot and grave was wrongful and without cause and in violation of plaintiff's rights; that there is now no marker at said grave; that plaintiff incurred considerable expense in the purchase, lettering and setting of the marker at the last resting place of his wife; that in removing said marker defendant has caused plaintiff grief, trouble and expense difficult to measure; that plaintiff has endeavored to arrange with defendant to have said marker again placed at said grave; that plaintiff has no speedy, plain and adequate remedy at law.

In the affirmative defense in the answer there were the following averments: That long prior to plaintiff's purchase of the lot, defendant had established rules prohibiting the placing of granite markers on any of the lots; that when negotiating for the lot plaintiff was orally informed that all markers placed in said cemetery were required to be of bronze, and would have to be purchased from defendant; that after being so advised plaintiff entered into a contract designated ''bond for deed'', identified as Exhibit A of the answer; that in Exhibit A is a provision that '' * * * only Bronze Markers purchased through this Cemetery Association will be permitted''; that after execution of Exhibit A and in connection and accordance therewith defendant executed to plaintiff a cemetery deed for said lot, identified as Exhibit B of the answer; that Exhibit B contained a provision that it was made subject to the rules and regulations of defendant as then in force or thereafter amended and added to by defendant, and that plaintiff, in accepting the deed, bound himself to comply with such rules and regulations; that afterwards in violation of his agreement and of defendant's rules and regulations plaintiff purchased a granite marker with the intention of placing same on said lot; that had not plaintiff agreed as he did in Exhibits A

and B he would have been denied the right to purchase said lot or bury in said cemetery; that plaintiff is estopped to assert any right to place any marker on said lot unless the same meets the provisions of said rules and regulations and is in accord with Exhibit A.

To the affirmative defense, the salient features of which are set out in the foregoing, plaintiff filed the reply which defendant challenged by the motion to strike. As stated, the ruling on the motion resulted in the reply in its entirety being stricken and eliminated from the case. It appears unavoidable that we consider, one at a time, several paragraphs of the reply that were separately attacked in the motion.

Defendant moved to strike paragraph No. 3 of the reply, which was in these words: "That defendant in attempting to enforce a rule that nothing but bronze markers may be placed in the section of said cemetery where this plaintiff's lot is located, is unreasonable and discriminating as there are now and were prior to the burial of plaintiff's deceased in said section of said cemetery near and surrounding said plaintiff's lot, more granite markers than bronze markers at other graves, and if such a rule was reasonable, had it been enforced from the beginning, it is now and was at the time of the burial of plaintiff's deceased waived and said defendant is estopped from now discriminating against this plaintiff." The ground for the moving to strike this paragraph was that it was "immaterial, irrelevant, surplusage and redundant matter and not a proper reply to defendant's answer or any part of it." As no reason was shown or pointed out why paragraph No. 3 was "not any proper reply", unless it be that movant was referring to what he had just said as to the paragraph being immaterial, irrelevant, surplusage and redundant, these latter reasons were the only ones on which paragraph No. 3 could properly have been stricken. Carr v. McCauley, 215 Iowa 298, 245 N. W. 290. So viewing the reasons that are to be given consideration, we are confronted with the legal proposition that defendant was not entitled to enforce rules that were unreasonable, nor reasonable rules in an unreasonable manner. For even when commercialized as a business for profit, the disposal of the dead remains impressed with a public character in some degree. Chariton

Cemetery Co. v. Chariton Granite Works, 197 Iowa 403, 197 N. W. 457, 32 A. L. R. 1402; Scott v. Lakewood Cemetery Assn., 167 Minn. 223, 208 N. W. 811, 47 A. L. R. 64. Plaintiff alleged unreasonableness of the rule and of the manner of its attempted enforcement. Whether he is able to prove the averments is *in futuro*. Likewise plaintiff could show that defendant had waived its rule. Waiver and estoppel were averred in paragraph No. 3. The only question here is whether, if proven, one or more of these matters alleged would have avoided the affirmative defense. In our opinion there were matters alleged in paragraph No. 3 in avoidance of the rules defendant set up, upon which plaintiff was entitled to make his proof. If so, the paragraph was not immaterial, irrelevant, surplusage, or redundant, and on none of those grounds should have been stricken.

Defendant moved to strike paragraph No. 4 of the reply which was in these words: "That defendant alleges that it has a rule or regulation requiring lot owners to purchase bronze markers from defendant only, and endeavors to enforce another rule that only defendant may put in foundations for markers. Plaintiff contends and so alleges that such rules are unreasonable and the enforcement of same should be enjoined. That the business of preparing and setting markers and monuments on graves and cemeteries has long been an established business carried on by monument dealers who have equipped themselves at heavy expense for such service; that the general nature of and business of defendant's corporation, as set out in its articles of incorporation, does not confer upon said corporation the authority and power of dealing in markers and monuments and putting in foundations for same. That said defendants, in attempting to enforce such rules are exceeding their authority and attempting unlawfully and fraudulently to increase the profits of said corporation by monopolizing the business of furnishing markers and putting in foundations for same in said cemetery, infringing unlawfully on the business of those regularly established and equipped for that purpose and cut out all competition, and dictating to purchasers of lots to an unreasonable extent what they must do in the use of their lots and in the burial of their deceased friends, all of which is exceeding their authority, contrary to law and

'abhorrent to equity.' '' In moving to strike paragraph No. 4 defendant stated the same grounds that are mentioned above in connection with the motion to strike paragraph No. 3. That plaintiff had the right to plead and litigate one or more of these matters contained in paragraph No. 4, in avoidance of the rights defendants asserted under their rules, the authorities already cited make evident. See also People ex rel. v. Bloomington Cemetery Assn., 353 Ill. 534, 187 N. E. 455; Steele v. Rosehill Co., 370 Ill. 405, 19 N. E. 2d 189; Nicholson v. Daffin, 142 Ga. 729, 83 S. E. 658. The grounds did not warrant the striking of paragraph No. 4.

Defendant moved to strike paragraph No. 5 of the reply in which it was alleged that defendant has no authority under the provisions of its articles of incorporation to engage in the business of selling monuments and of putting in foundations, and that, even if plaintiff's signature to Exhibit A had been properly secured, same is void and of no force or effect, and plaintiff is not liable thereunder. The same ground was urged as has been mentioned above. But neither in stating the ground, nor in argument on this appeal, has defendant pointed out or suggested any reason why the plea of *ultra vires* could not have been responsive to the answer in this case. We think it is unquestionable that, under proper circumstances, the plea of *ultra vires* would effect an avoidance of an agreement to buy markers from defendant or to employ defendant in erecting monuments and putting in foundations, particularly if the agreement be executory and severable. For speaking generally the measure of a corporation's powers is found in its charter or articles of incorporation. First Nat. Bk. v. Anderson, 172 U. S. 573, 19 S. Ct. 284, 43 L. Ed. 558; Central Transp. Co. v. Pullman Co., 139 U. S. 24, 11 S. Ct. 478, 35 L. Ed. 55.

The first two paragraphs of the reply were stricken on the grounds that they added nothing to the general denial of an answer provided by law and were not any proper reply and were irrelevant, immaterial and redundant matter. We are of the opinion that these grounds did not warrant the ruling. The substance of the first paragraph was that plaintiff is without knowledge of having signed Exhibit A, and if he did sign same he was hurriedly and fraudulently induced to sign when distracted by

grief from the death of his wife and without reading or having any knowledge of same containing paragraph No. 2 relied upon by defendant; that plaintiff had no knowledge of any such provision until after he negotiated for the purchase of the granite marker. The second paragraph avers that the deed was subsequent to the bond for deed and that plaintiff was relying on the deed and no other instrument, and that the deed does not set out but only refers to the rules. It is further alleged that the bond for deed if executed by plaintiff is of no force or effect after said lot was purchased and deed issued therefor. In argument plaintiff points out that the bond for deed provides that upon the full purchase price being paid defendant will convey the lot "upon the surrender of this bond to the Association." It is not beyond the realm of the possible that upon the trial the evidence would have established the fraudulent procurement of the execution of Exhibit A alleged in the first paragraph. Nor can it be said without resort to evidence whether it was in fact the intent of the parties to extinguish the provisions of Exhibit A when Exhibit B was executed and Exhibit A surrendered to defendant.

Whether there was error in striking the prayer found in the reply need not be discussed for the reason after this case is remanded to the trial court the plaintiff if he desires should be permitted to amend the prayer of his petition, which will remove all question so far as this case is concerned. The ruling on the motion is reversed and the case is remanded with instructions that an order be entered upon the motion to strike in accordance with this opinion.—Reversed and remanded.

HALE, BLISS, STIGER, HAMILTON, and SAGER, JJ., concur.