The Honorable Jodie Mahony State Representative 406 Armstrong Building El Dorado, AR 71730
Dear Representative Mahony:
This is in response to your request for an opinion on the following question:
 May ownership of unused lots in a city cemetery be transferred back to the city to sell to another party?
According to the correspondence attached to your request, the lots in question were sold around 1911 and the only burial there took place in 1923. Nothing has been heard from the owner in the 64 years since the burial. You are interested in knowing if the lots can be condemned or title to them reclaimed in the name of the city for resale to another party.
There are no statutory provisions offering guidance in this regard. Nor does there appear to be any Arkansas case law on point. General rules of common law may prove, however, to be of some assistance.
"Because of its inherent nature, a burial ground is not subject to laws of ordinary property. . . ." 14 C.J.S. Cemeteries 1 (Footnote omitted). Ordinarily, the purchaser of a cemetery lot is regarded as only acquiring a privilege, easement, or license to make interments in the purchased lot so long as the lot remains a cemetery. McClellan v. Highland Sales and Inv. Co., 484 S.W.2d 239
(Mo. 1972); State v. Forest Lawn Lot Owners Ass'n, 152 Tex. 41,254 S.W.2d 87 (1953). Possession of a burial lot, unless voluntarily relinquished, continues as long as graves are marked and distinguishable and the cemetery continues to be used. Smith and Gaston Funeral Directors v. Dean, 262 Ala. 600, 80 So.2d 227
(1955); Hughes v. Harden, 194 Al. 307, 151 P.2d 425 (1944). And even though the owner has no fee simple title, he has the exclusive right to make interments in the lot. Bouton v. Roberts,265 Ky. 569, 97 S.W.2d 413 (1936). Case law has further provided that the title to a burial lot passes to the owner's heirs of lineal descendants upon the owner's death. See People ex rel. Paxton v. Bloomington Cemetery Ass'n, 353 Ill. 534, 187 N.E. 455
(1933).
The above-cited authority indicates that the interest in the lots is still vested in the original owner or, if he is dead, in his heirs or lineal descendants, unless he voluntarily relinquished possession of the lots. It may be argued, however, that the owner did voluntarily relinquish his interest in the lots by abandonment. To show abandonment, it must be proven that the owner meant to relinquish all claim to the lots with the intention of never again asserting such a claim. See Hyde v. Hyde, 240 Ark. 463,400 S.W.2d 288 (1966). Mere non-use, without more, does not constitute abandonment. The facts provided in the present situation are insufficient to form a conclusive opinion on the abandonment issue. If the facts taken as a whole do, however, sufficiently indicate voluntary relinquishment, the interest in the lots will revert to the city as the grantor of the lots. See 14 Am.Jur.2d Cemeteries 24. It should also be noted in this regard that the doctrine of abandonment allowing abandoned property to become appropriated by the first taker does not apply to cemeteries. Phinney v. Gardner, 121 Me. 44, 115 A. 523 (1921). The interest will therefore revert to the city upon a showing of abandonment, and the city may then resell the lots.
With respect to the availability of condemnation proceedings as an alternative to proving abandonment, it appears that this exercise of the power of eminent domain is not available in this instance. The right to exercise this power must be conferred by statute, either in express words or by necessary implication. Hooe v. United States, 218 U.S. 322 (1910). The Arkansas Supreme Court has stated, moreover, that unless a statute clearly delegates the power of eminent domain, the right is not conferred. City of Little Rock v. Sawyer, 228 Ark. 516, 309 S.W.2d 30 (1958).
Municipal corporations have been given the power of eminent domain to condemn, take and use land for public burial purposes. Ark. Stat. Ann. 35-801 (Repl. 1962). Municipal corporations have also been given the eminent domain power to condemn land occupied by a cemetery that will be flooded by an impounding lake. Ark. Stat. Ann 35-915 (Repl. 1962). However, no statute clearly delegates the power of eminent domain to municipal corporations in a fact situation such as the one presented.
It must therefore be concluded that the city's remedy in the present situation is limited to an argument premised upon a theory of abandonment. This question will be resolved based upon the particular facts presented.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.